EUGENIA JONES, ADMINISTRATRIX OF SIDNEY WILLIAM JONES, DECEASED, PLAINTIFF-APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT-APPELLANT.

Argued June 25, 1914—Decided November 16, 1914.

The causal connection between an injury and the death of plaintiff's intestate, in this case, is a jury question. A nonsuit, or the direction of a verdict, cannot be granted when the facts and the inferences to be drawn therefrom are in dispute.

---

On appeal from the Hudson Circuit Court.

For the appellee, *J. Emil Walscheid.*

For the appellant, *Edwards & Smith.*

The opinion of the court was delivered by

BLACK, J. The appellant in this case seeks to have the judgment, entered on a verdict of a jury, in favor of the plaintiff, set aside on the ground that the trial judge should have nonsuited the plaintiff or directed a verdict in favor of the defendant at the end of the case. The suit was brought, alleging negligence of the defendant company as the proximate cause of the death of plaintiff's intestate. The facts as shown by the record, in brief, are these: Sidney W. Jones, the plaintiff's intestate, was a passenger in a car of the defendant company, which was derailed at or near the foot of Weehawken hill on the Hackensack plank road, on the 16th day of April, 1912. The plaintiff's intestate received a physical injury, causing a shock which the plaintiff contends was the cause of his death. At the time of the accident he was in a weakened condition, due to disease. The defendant contends that, as Sidney W. Jones was suffering from chronic Bright's disease and valvular disease of the heart, his death was caused by the disease, uninfluenced by the injury and shock. He died in twenty hours after the accident, viz., on the 17th day of April, about half-past ten o'clock. Decedent reached his home about a quarter to six of the evening of the accident. He went out the next morning at a quarter to eight about his usual business as a salesman. While walking on the street in West Hoboken he dropped to the sidewalk and died in an ambulance before it reached the hospital. The contention by the defendant is that the plaintiff has not proved a causal connection between the accident and the death of the plaintiff's intestate. With this view we cannot agree. The question was a disputed one, and under the evidence was one of fact for the jury to settle. The trial judge submitted the controverted questions of fact to the jury in a charge, defining the issues to be determined, sharply and clearly. It is an elementary principle

of law, illustrated in many cases, that a motion for a nonsuit or to direct a verdict for the defendant, based upon the insufficiency of the evidence to establish a cause of action, admits the truth of the plaintiff's evidence and of every inference of fact which can be legitimately drawn therefrom, but denies the sufficiency in law. *Fox* v. *Atlantic, &c., Co., 84 N. J. L.* 726; *Dallas* v. *Sea Isle City, Id.* 679.

The ruling of the trial court refusing the motion to nonsuit or to direct a verdict was not error.

There being no error in the other points urged by the appellant for a reversal of the judgment, the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.