WINIFRED WINTER, RESPONDENT, v. ATKINSON-FRIZELLE COMPANY, APPELLANT.

Submitted July 6, 1915—Decided November 15, 1915.

A finding by the Common Pleas in a workmen's compensation case that an employe's death resulted from an accident arising out of and in the course of his employment, will not be reversed if there was evidence to support it.

---

On appeal from the Supreme Court.

The judgment of the Pleas was affirmed by the Supreme Court, in which the following opinion was filed:

"*Per curiam.*—The trial court found that the deceased came to his death as the result of an accident arising out of and in the course of his employment. The only question is whether this finding is justified by the evidence, and we think that it was. There were two accidents, or occurrences, one in October, when deceased fell into an excavation and sustained bruises of the chest and ribs; the second, in November, when he fell dead while doing some heavy lifting. Both were in the course of regular employment. After the first accident he was examined by the employer's doctor, who found heart irregularity and aneurism of the aorta. The trial judge was inclined to the view that the accident in October produced a condition that brought on decedent's death under the strain of November, though he held that it could reasonably be found that the strain of November in his diseased condition was the cause of death. The latter theory is sufficient for our purposes, and brings the case directly in line with *Voorhees* v. *Smith Schoonmaker Co.*, 86 *N. J. L.* 500. We, therefore, find it unnecessary to examine into the other alternative suggested by the trial judge, viz., that the October accident produced a condition which caused him to succumb under the after strain. The judgment will be affirmed."

For the appellant, *M. Casewell Heine.*

For the respondent, *Ziegener & Lane.*

PER CURIAM.

Judge Tennant, in the Pleas, after an exhaustive review of the English cases applicable to the proceeding before him, regarded as one in which the decedent's death resulted solely from a strain incurred in the course of his employment on November 18th, found from the testimony that such was the fact. This is the only conclusion that can be drawn from his opinion as a whole, although the finding is not stated as such in so many words.

The Supreme Court's reference to this state of facts as a theory is somewhat misleading; it was so treated in the opinion of Judge Tennant in his discussion of the rule of law applicable to such facts, but in making his determination he treated it as a finding and described it as "a deduction or inference reasonably gathered from all the facts of the case." With the correction of this mere slip in the *per curiam* of the Supreme Court, the judgment of that court is affirmed, for the reasons therein given.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.