### SOUTHERN CASUALTY CO. v. FLORES et al. (No. 7746.)

Court of Civil Appeals of Texas. San Antonio. March 30, 1927.

Rehearing Denied May 18, 1927.

**1. Master and servant ⬅➡373 — Purpose of Workmen's Compensation Act is to compensate for injuries from accidents.**

Purpose of Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) is to compensate employees or their representatives for such injuries as are occasioned to employees as result of accidents.

**2. Master and servant ⬅➡373—Death due to heart failure while walking up sharp incline held "accident" within Workmen's Compensation Act, notwithstanding heart's weakened condition.**

Death of cement worker due to sudden failure of heart action as he walked up sharp incline *held* "accident" within Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.), though heart had been weakened by disease; "accident" being undesigned, sudden, and unexpected event (citing Words and Phrases, "Accident—Accidental").

**3. Master and servant ⬅➡373—Death due to heart failure while walking up sharp incline held compensable "injury," notwithstanding disease had weakened heart (Workmen's Compensation Act [Rev. St. 1925, art. 8309]).**

Death of cement worker due to sudden failure of heart action as he walked up sharp incline *held* compensable "injury" within Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.), though heart was weakened by disease, in view of Rev. St. 1925, art. 8309, defining "injury" and "personal injury."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Injury.]

**4. Master and servant ⬅➡348 — Workmen's Compensation Act should be liberally construed.**

Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.) should be liberally construed and applied in favor of employee.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Proceeding under the Workmen's Compensation Act by Gertrude L. Flores and others for the death of her husband, Frank Flores, opposed by Dave Lehr, employer, and Southern Casualty Company, insurer. The Industrial Board denied the claim, and claimants by way of appeal brought suit in the district court against the casualty company. Judgment for claimants, and the insurer appeals. Affirmed.

Frank R. Williams, of San Antonio, for appellant.

Samuel Belden, Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellees.

SMITH, J. Frank Flores was a cement worker in the San Antonio plant of Dave Lehr. who was a "subscriber" under the provisions of the state Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.), and insured, under those provisions, by the Southern Casualty Company.

Flores was about 30 years of age, weighed about 170 pounds, had never been seriously ill, was strong, robust, and apparently healthy and free from disease. As a matter of fact, however, he was afflicted with a pronounced case of syphilis, which had produced a marked weakening of his heart. Shortly after beginning the day's work on the morning of September 30, 1925, it became the duty of Flores in the course of his employment to procure a receipt or ticket from a fellow employee. In performing this act, he was obliged to walk a distance of about 150 feet—half the length of an ordinary city block—in the course of the first 136 feet of which there was an increased elevation of something over 9 feet. Flores proceeded, unincumbered, up this somewhat sharp incline, at an ordinary walk. As he passed the summit of the incline, he suddenly collapsed and expired within a few minutes. His death was caused by the sudden failure of his heart action, which was induced by the exertion of walking up the incline, coupled with the weakened condition of his heart occasioned by the ravages of syphilis.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Under the provisions of the Workmen's Compensation Act, the surviving wife and children of Flores lodged a claim against the casualty company with the State Industrial Accident Board, which denied the claim. By way of appeal from the action of the board, the claimants brought this action in the district court against the casualty company and recovered. The casualty company has appealed.

We are greatly indebted to counsel, who have simplified the case by an able and succinct presentation of only the controlling questions involved. By this gratifying process this court is called upon to consider and determine but three propositions advanced by appellant: First, that the employee's death was not caused by an "accident"; second, that the condition which ended the employee's life did not constitute an "injury" within the contemplation of the Workmen's Compensation Act; and, third, that:

"Since without contradiction it was established that the death of Frank Flores was attributable to heart failure resulting from a diseased condition of his heart, and since it was not shown, or attempted to be shown, that such diseased condition was the result of his employment, the mere fact that death occurred while Frank Flores was on the premises where he was employed and was doing that which any person on said premises might ordinarily be expected to do; namely, walking about thereon, does not establish any causative connection between his employment and his death, and it cannot in law be said that his death was attributable to the performance of his duties as an employee."

[1] It now seems to be settled that the purpose of the Workmen's Compensation Act is to compensate employees or their representatives for only such injuries as are occasioned to employees as a result of accidents. Middleton v. Power & Light Co., 108 Tex. 96, 185 S. W. 556; Ætna Ins. Co. v. Graham (Tex. Com. App.) 284 S. W. 931. Accordingly, unless the facts in this case warrant the finding that Flores lost his life as a result of accidental injuries, appellees are not entitled to recover.

[2] Appellant contends that, under the facts stated, Flores' death cannot be said to have resulted from "accident." As stated in appellant's brief, Webster defines "accident" as "an event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance contingency." Appellant cites no other authority than Webster in support of its contention. We think this contention must fall before the very test propounded in the quoted definition. Flores walked up a hill and collapsed suddenly. The collapse was the immediate result of the failure of the heart to perform its ordinary functions, and this failure was attributable to the exertion of walking up the hill at that time and under those circumstances, coupled with an existing diseased condition of the heart. The exertion was too great a strain upon the heart action in its inherent condition at that moment. This fatal concurrence of the two conditions produced the injury or event which resulted in the death of the employee. Certainly, that "event" must have transpired without Flores' "foresight or expectation".; it was, obviously, "an undesigned, sudden, and unexpected event," a "chance contingency," bringing the transaction within Webster's definition of an accident. Is it conceivable that Flores foresaw, or could have foreseen and anticipated, that this casual and ordinary exertion, theretofore daily and perhaps hourly indulged by him, would so operate upon the action of his heart as to totally suspend it, and produce his death? Is it conceivable that he "designed" or "expected" this sudden concurrence of the two causes, which, operating together as never before, resulted in his immediate death? Is it conceivable that the fatal concurrence of the two causes was anything but a "chance contingency"? It is obvious that the event which resulted in Flores' death was an accident as defined by all the authorities. Webster's Dict.; Worcester's Dict.; 1 Words and Phrases, First Series, page 62 et seq.; 1 Cyc. 249; 1 C. J. 390 et seq. Appellant's first proposition is overruled.

[3] Appellant contends in its second proposition that:

"The failure of Frank Flores' heart to function, primarily occasioned by defects inherent in the heart itself, does not constitute an 'injury' as that term is defined in the Workmen's Compensation Laws of this state."

It is provided in the Workmen's Compensation Act (article 8309, R. S. 1925) that:

"The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

Immediately following this definition it is provided in the act that the term "'injury sustained in the course of employment,' as used in this law, shall not include" an injury caused by the act of God, or of a third person, or received while the employee is in a state of intoxication, or caused by the willful act or intention of the employee, "but shall include all other injuries of every kind and character having to do with and originating in" the course of employment. By this definition and the stipulated exceptions the statute broadly includes every species of "damage or harm to the physical structure" of the employee's body, as well as "such diseases or infection as naturally result therefrom." If in doing his work the employee, in a usual or unusual manner, lifts an object, or stoops, or takes a step, or makes any movement of his limbs or body, and such exertion unexpectedly and unintentionally results in

an injurious strain upon his nerves, muscles, heart, or any other organ, so as to incapacitate him for work, the event or result is an injury as contemplated in the act, and entitles him in the case of mere disability, or his heirs or representatives, in the case of his death, to compensation.

[4] Any other construction would often defeat the purpose of the legislation, which should be liberally construed and applied in favor of the employee. We think it quite clear that the appeal presents a case entitling appellees to compensation under the terms of the act in question. We adopt some of the authorities cited by appellees: Roland v. Casualty Co. (Tex. Civ. App.) 290 S. W. 895; Clover v. Hughes, 1910 App. Cas. 242, 243, 3 B. W. C. C. 275; McArdle v. Swansea, etc., 11 Neg. Comp. Cases, 175 (Eng.); Brightman v. Ins. Co., 220 Mass. 17, 107 N. E. 527, L. R. A. 1916A, 321; In re Madden, 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D, 1000; Carroll v. Ind. Com., 69 Colo. 473, 195 P. 1097, 19 A. L. R. 107; Winter v. Atkinson, 88 N. J. Law, 401, 96 A. 360; Schroetke v. Jackson, etc., 193 Mich. 616, 160 N. W. 383, L. R. A. 1917D, 64. Appellant's second and third propositions will be overruled and the judgment affirmed.