NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CATHERINE HAMILTON, PETITIONER, v. CONGOLEUM
NAIRN, INCORPORATED, RESPONDENT.

A petition having been filed under the Workmen's Compensation statute of New Jersey entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, with the several acts amendatory thereof and supplemental thereto, and the matter having come on for hearing before me as deputy commissioner of compensation on the 26th day of January, 1927, and again on the 9th day of February, 1927, the 28th day of February, 1927, and the 18th day of March, 1927, and the 4th day of April, 1927, at the compensation bureau at 9 Franklin street, Newark, New Jersey.

The petitioner and the respondent being represented by their attorney, Samuel Greenstone, for the petitioner, and Mark Townsend, Jr., for the respondent, and having heard the testimony adduced on behalf of each of the parties—I do find and determine from the evidence and stipulations as follows:

1. That William Hamilton, the petitioner's intestate, was employed by the respondent as a laborer on the 10th day of May, 1925.

2. That the said intestate of the petitioner received for his services as wages the rate of $33 per week.

3. That on the 10th day of May, 1925, the petitioner suffered injuries in an accident arising out of and in the course of his employment by the respondent when he fell from a scaffold, a distance of about sixteen feet, and suffered a compound fracture of the upper part of his right leg near the hip joint and also concussion of the brain and injuries to his head.

4. That there was ample testimony adduced to show that the petitioner had been suffering for a number of years from an advanced stage of syphilis and that there were periods of remissions of this disease. That previous to the accident he had worked regularly with the exception of several days' loss of time during the period of about ten years while in the respondent's employ, and that for two weeks immediately prior to the accident he worked about one-third of the time overtime; that he was treated at the West Hudson Hospital from the day of the accident a period of over four months and then taken home, where he stayed a few weeks, and then treated at the Newark City Hospital several weeks, and finally treated at the Overbrook Hospital for the insane, where he died on the 24th day of January, 1926.

That there was ample testimony that the condition of the petitioner was aggravated by the severe trauma suffered as described in said accident and that the decline of petitioner's health and mentality was rapid and markedly accelerated following the accident until he died about eight months later.

That it is well established in this state that there may be acceleration or exacerbation of a pre-existing disease by trauma. *Feldman* v. *Westinghouse Electric and Manufacturing Co.*, 36 *N. J. L. J.* 48; *Hanglin* v. *Swift & Co.*, 37 *Id.* 81; *McManus* v. *The Barbour Flax Spinning Co.*, 40 *Id.* 118; *Voorhees* v. *Smith Schoemaker Co.*, 86 *N. J. L.* 500; 92 *Atl. Rep.* 280; *Winter* v. *Atkinson Frizelle*, 88 *N. J. L.* 401; 96 *Atl. Rep.* 360; *Atchison* v. *Colgate & Co.*, 3 *N. J. Mis. R.* 451.

\*　　\*　　\*　　\*　　\*　　\*　　\*

HARRY J. GOAS,
*Deputy Commisioner.*