THOMAS GRAVES, PROSECUTOR, v. BURNS, LANE & RICHARDSON, DEFENDANT.

Submitted October 16, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Arthur C. Dunn.*

For the defendant, *Collins & Corbin.*

PER CURIAM.

This *certiorari* brings up for review a judgment entered in the Passaic County Court of Common Pleas reversing a judgment entered in the workmen's compensation bureau on Janu-

ary 26th, 1931. The facts are that Graves, the prosecutor, was employed as a journeyman plumber and on November 18th, 1929, was working for the defendant on a building at the North Jersey Training School for Women at Totowa. He reported for work and with a helper was carrying a three-inch iron pipe from the place where it was stored up a hill about one hundred and fifty feet to the building where they were working. It appears that this pipe weighed one hundred and sixty to one hundred and sixty-five pounds, was twenty-two feet in length, and three inches in diameter. The helper lifted the end uphill and the petitioner endeavored to raise the lower end. As he did so he felt something "wrong inside." He suffered pain and grew dizzy. His condition was apparent to another helper who relieved him of the pipe and carried it in the cellar with the assistance of the man who started with Graves. Thereafter the prosecutor began to spit blood and continued to do so for several days. Finally he was obliged to give up work and the doctors diagnosed his condition as tuberculosis and said that the extraordinary strain had induced activity in bacteria which had been dormant.

The sole question is whether the occurrence was an accident within the meaning of the statute. There is no question that it arose out of and in the course of the employment and there is no doubt about his condition.

The deputy commissioner found that the occurrence was an accident and awarded compensation. Appeal was taken to the Court of Common Pleas where it was held it was not an accident within the contemplation of the statute, and the finding of the compensation bureau was reversed.

This case is covered by the opinion of the Court of Errors and Appeals in *Winter* v. *Atkinson-Frizzelle Co.*, 88 *N. J. L.* 401; 96 *Atl. Rep.* 360, where the Common Pleas Court awarded compensation in a case where a strain from heavy lifting had produced death from heart disease. In that case there was evidence that a month prior to the strain the decedent had suffered a fall which might have produced or aggravated the heart condition. However, it was held that a finding that

the strain caused the condition which resulted in death was "a deduction or inference reasonably gathered from all the facts of the case." The award was affirmed.

In the light of that case it seems that the finding of the deputy commissioner was correct.

Since the Court of Common Pleas reversed the decision of the compensation bureau, the question before us is whether the evidence reasonably supports the finding of the Common Pleas. As we view the record there was substantially no dispute as to the facts, although there was some conflict of opinion between the medical experts as to the presence of the alleged tubercular condition, and whether the strain would produce the condition complained of. However, both the deputy commissioner and the Common Pleas judge found that the condition which produced the employe's disability was the result of strain caused by lifting the pipe. This finding, being supported by the evidence, is to be regarded as settling the question of fact. *Armstrong Cork Co.* ads. *Pearson,* 6 *N. J. Mis. R.* 976; 143 *Atl. Rep.* 449.

On the facts so found, we think the reviewing judge erroneously concluded as a matter of law that the prosecutor did not meet with an accident within the meaning of the compensation law. We conclude that the prosecutor met with an accident which caused his disability; that the accident happened while he was at work and therefore in the course of employment; and that it was brought on by the work and therefore arose out of the employment. *Voorhees* v. *Shoonmaker,* 86 *N. J. L.* 500; 92 *Atl. Rep.* 280; *Jones* v. *Public Service Railway Co.,* 86 *N. J. L.* 646; 92 *Atl. Rep.* 397.

The judgment of the Passaic County Court of Common Pleas is reversed and the award of the compensation bureau is affirmed, with costs.