### TRADERS & GENERAL INS. CO. v. WEATHERFORD.

No. 1871.

Court of Civil Appeals of Texas. Eastland.

Jan. 13, 1939.

Rehearing Denied Feb. 10, 1939.

424

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Lightfoot; Robertson, Saunders & Gano, of Fort Worth, for appellant.

Bramlette, Levy & Dotson, of Longview, for appellee.

FUNDERBURK, Justice.

This is a Workmen's Compensation case wherein the employee, Marvin Weatherford, upon appeal from adverse action upon his claim by the Industrial Accident Board, sought to recover of Traders & General Insurance Company, the insurance carrier, compensation for alleged disability resulting from a heat stroke or heat exhaustion. In a jury trial the case was submitted upon special issues. The verdict having been for the plaintiff, judgment was rendered accordingly, in the sum of $2,774.45. The defendant has appealed.

Upon a consideration of all the propositions advanced by appellant it is our conclusion that no error is shown which requires a reversal of the judgment. It would unduly extend the opinion to discuss, in very much detail, each and every point relied upon since the briefest necessary discussion will extend the opinion to a regrettable length.

The first three propositions present, in group, these questions: (1) Should the court have peremptorily instructed a verdict for the defendant on the ground that there was no evidence to support the finding that the injury, if any, was sustained at a time when the employee's work subjected him to a greater hazard from heat exhaustion than ordinarily applies to the general public, working out of doors in the sunshine, under the same or similar circumstances? (2) Should defendant's

motion for new trial have been granted on the grounds: (a) that the finding upon special issue No. 3 to the effect that plaintiff was engaged in the performance of duties which subjected him to a greater hazard from heat exhaustion than ordinarily applies to the general public "was so contrary to the great weight and overwhelming preponderance of the evidence as to show bias and prejudice" on the part of the jury; (b) that the finding to the effect that plaintiff suffered accidental injury in the course of his employment was so contrary to the overwhelming weight of the evidence that it shows bias and prejudice upon the part of the jury. The first question and subdivision (a) of the second question assumed that the injury, if any, consisting of heat exhaustion was, in legal phraseology, an act of God. This is so, because otherwise it would be an immaterial matter whether there was any evidence, or the evidence was insufficient, to show that when the heat exhaustion occurred, plaintiff was subjected to a greater hazard from heat exhaustion than ordinarily applies to the general public. If plaintiff suffered the injury claimed, and as found by the verdict of the jury, we are inclined to doubt whether same can properly be said, as a matter of law, to have resulted as an act of God. It is deemed, however, unnecessary to determine this question definitely; for, if not an act of God, that does not conclude the question of whether the heat exhaustion was an accidental injury which, if resulting in incapacity, was compensable under the law.

■ . It is a correct proposition that only accidental injuries resulting in disability are compensable under our workmen's compensation statutes (Vernon's Ann.Civ.St. art. 8306 et seq.). Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556; Barron v. Texas Emp. Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464; Williams v. Safety Cas. Co., Tex.Civ.App., 97 S.W.2d 729; Southwestern Surety Ins. Co. v. Owens, Tex.Civ.App., 198 S.W. 662; Texas Employers' Ins. Ass'n v. McGrady, Tex.Civ.App., 296 S.W. 920; Choate v. Hartford Acc. & Ind. Co., Tex.Civ.App., 54 S.W.2d 901; Salinas v. New Amsterdam Cas. Co., 5 Cir., 67 F.2d 829; Southern Cas. Co. v. Flores, Tex.Civ.App., 294 S.W. 932; Texas Employers' Ins. Ass'n v. Mints, Tex.Civ.App., 10 S.W.2d 220. However, as used in the statement of that

proposition, the meaning of the adjective "accidental" or the noun "accident" must be found not alone in dictionaries or legal encyclopedias, but effect must be given to the provisions of the statute in which the words occur and the true meaning determined in such a way as to give effect to the purposes of the law. As said by Corpus Juris, quoted approvingly by Mr. Justice Martin in Maryland Cas. Co. v. Rogers, Tex.Civ.App., 86 S.W.2d 867, 870, " * * * nor may the meaning of the word [accidental] as generally used in the compensation statutes be determined by any dictionary definition alone but as used in those acts the meaning of the word 'accident' is influenced by the provisions of the statute in which it is used as well as by the purpose for which the statute was enacted." 71 C.J. 563. The same authority defines "accident" as used in compensation statutes providing for compensation for disability from accidental injuries, or injuries caused by accidents, thus: " 'The word "accident", as used in a compensation act requiring the injury compensated for to be by "accident", is usually held to be employed in its ordinary sense as meaning an unlooked-for and untoward event which is not expected or designed.' " 71 C.J. p. 566. This definition of "accident" was also quoted by Judge Martin in the opinion already referred to and approved as applicable to our statute.

The question naturally suggests itself: Must the accident be independent of, and precedent to, the injury? We have heretofore entertained and expressed the view that the injury itself could not be the accident, basing that deduction upon the reasoning that a thing can not be both cause and effect. Williams v. Safety Cas. Co., supra; Safety Cas. Co. v. Walls, Tex.Civ. App., 117 S.W.2d 879. The expression of such view was arguendo and not a conclusion upon the questions presented for decision.

■ Investigation in the instant case leads to the conclusion that under our statutes an injury as otherwise defined in the statute may be caused by an accident or in its initial stage may itself be an accident, and in the one case as well as in the other, be compensable if resulting in disability. As said in C.J.S. "The term [accident] is often used to denote any unintended and unexpected loss or hurt *apart from its cause*, and if the cause is not

known the loss or hurt itself would be called an accident." (Italics ours.) 1 C. J.S., Accident, p. 432; Northern Texas Traction Co. v. Crouch, Tex.Civ.App., 202 S.W. 781. In Maryland Cas. Co. v. Rogers, supra, the court quotes approvingly from Carroll v. Industrial Commission, 69 Colo. 473, 195 P. 1097, 1098, 19 A.L.R. 107, as follows: "By the term 'injury' is meant, not only an injury the means or cause of which is an accident, but also an injury which is itself an accident."

See, also, International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.2d 282; Bryant v. Continental Cas. Co., 107 Tex. 582, 589, 182 S.W. 673, L.R.A.1916E, 945, Ann.Cas.1918A, 517.

From these authorities it is our considered opinion that the proposition is a sound one, especially in view of the·rule that the compensation statutes are to be liberally construed in favor of employees, that an injury occurring under all other circumstances necessary to render disability therefrom, compensable under the workmen's compensation statutes, will be compensable whether same be caused by an accident, or be itself an accident.

We shall not undertake to detail the evidence, but simply state our conclusions: (1) That there was evidence sufficient to support the finding that plaintiff suffered an accidental injury consisting of heat exhaustion; and that, if heat exhaustion, occurring under circumstances of which there was sufficient evidence to raise an issue, be an act of God, which, as said before, we are inclined to doubt, but do not decide, there was evidence sufficient to support the finding that plaintiff was subject at the time to a greater hazard therefrom than ordinarily applies to the general public.

The Fourth to Ninth Propositions of appellant are each and all believed to be dependent for validity upon views of the law contrary to our conclusions above stated. In each respect clearly, we think, there was some evidence to support the verdict of the jury.

Appellant's Tenth and Eleventh Propositions appear to us to be sound; and, if supported by the record, would require a reversal of the judgment. However, it is answered by appellee that before the close of the trial he agreed that the evidence which had been admitted for a limited purpose and the correctness of

which limitation is here sought to be reviewed, should be considered as admitted for all purposes. The judge asked that the record show that agreement. This, we think, cured any error.

Appellant requested submission·of issues as follows:

"IV. Do you find from a preponderance of the evidence that any of the incapacity to work, on the part of Marvin Weatherford, was due to accidental injuries and the diseases and infections resulting therefrom suffered by the said Marvin Weatherford prior to the 16th day of August, A. D. 1935? Answer Yes or No.

"V. If you have answered the above special issue Yes then you will answer the following issue: What percentage of Marvin B. Weatherford's present incapacity to work was due to accidental injuries suffered by the said Marvin B. Weatherford prior to the 16th day of August, A. D. 1935? Answer in percentage."

Submission of both issues was refused. No complaint is made of the refusal of requested issue IV. But by the Twelfth Proposition it is contended that the court erred in refusing to submit requested issue V. We readily conclude there was no error in refusing requested issue V unless there was error in refusing requested issue IV; but the·error, if any, in refusing the latter, was, because of the absence of any assignment of error presenting that action for our review, waived. The situation, as we think it should be regarded, is the same as if only issue V had been requested and refused. There would be no error in such action for more than one reason. In the first place, it would assume an issuable fact, namely, that a part of the employee's injury for which compensation was sought had resulted from a former injury. In the next place, if submitted in the form requested, which is the test of appellant's right to complain of the refusal to do so (Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849), the words "If you have answered the above special issue 'yes' then you will answer the following issue" would have been confusing and in legal effect, we think, have amounted to no submission of the issue. In the next place, the issue if given would have been immaterial in the absence of submission of the other issue. For illustration, let us suppose the evidence in a negligence case raises issues of plaintiff's negligence and whether same was a

proximate cause of the injuries. Upon failure of the court to submit such issues, both are duly requested by the defendant, but the issue of negligence is refused and only the issue of proximate cause submitted. Could the defendant, upon appeal, omit any assignment of error relating to the issue of plaintiff's negligence and have the judgment reversed upon an assignment presenting for review only the action of the court in refusing to submit the issues of proximate cause? Such, we think, would hardly be contended. One issue would be wholly immaterial in the absence of the other. Dunn v. Texas Coca-Cola Bottling Co., Tex.Civ.App., 84 S.W.2d 545, and authorities cited.

Preliminary to the discussion of appellant's Thirteenth and Fourteenth Propositions some additional statement is deemed advisable. We quote the following statutory provisions of R.S.1925, Art. 8309:

"Definitions and general provisions. Sec. 1. The following words and phrases as used in this law shall, unless a different meaning is plainly required by the context, have the following meanings respectively. * * *

" 'Average weekly wages' shall mean:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

"5. The average weekly wages of an employee shall be one-fifty-second part of the average annual wages."

Other elements of the definition are omitted as immaterial to the question under discussion.

Plaintiff alleged that his employment was that of a "tool dresser", and that "he was not employed in such employment substantially the whole of the year next preceding his injury, and that his average weekly wage can not, therefore, be established on the basis of his own employment, but he alleges that other employees of the same class did work substantially the whole of the year immediately preceding plaintiff's injury in the same or similar employment in the same or neighboring place, and that the average daily wage earned by such employees during the days when so employed was Eight ($8.00) Dollars. That the average weekly wage of such employee for the year immediately preceding said injury was the sum of Fifty-Six ($56.-00) Dollars."

The only issues submitted to the jury relative to average weekly wages, with the verdict thereon, were, so far as material, as follows:

"Special issue No. 17: Do you find from a preponderance of the evidence that some employee other than Marvin Weatherford engaged in the same or similar employment, and in the same or a neighboring place, whether for the same employer or not, worked substantially the whole of the year immediately preceding the date of Marvin Weatherford's alleged injury? Answer yes or no. Answer: Yes.

"Special Issue No. 18: If you have answered the preceding special issue No. 17 in the affirmative, and in that event only, then answer the following question: What do you find to be, from a preponderance of the evidence, the average daily wage of such other employees, if any, during the days when so employed? Answer in Dollars and Cents, if any. Answer: $7.80."

It is, in effect, contended under the Thirteenth Proposition that by the provisions of the statutes above quoted the burden was upon the employee to both plead and prove that his average weekly wages could not be based upon subsection 1, § 1, Art. 8309, before he is entitled to recover under subsection 2 of section 1 of such article; that no issue under the former was submitted; that such issue under the testimony was a question of fact for the jury and the court, having failed to submit such issue and the plaintiff having failed to require [request] the submission thereof, such issue was waived; and the court was without authority to

make an independent finding thereon as a basis for such judgment.

The Fourteenth Proposition is to the same effect, except the added conclusion that the "court erred, therefore, in rendering judgment in favor of the plaintiff and against the defendant in any wise based upon the average weekly wages of the other employees under subsection 2, section 1, Art. 8309."

We shall in this opinion assume that under the decisions in American Employers' Ins. Co. v. Singleton, Tex.Com. App., 24 S.W.2d 26; Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 87 S.W. 2d 503; Id., Tex.Civ.App., 110 S.W.2d 108; Traders & Gen. Ins. Co. v. Dwyer, Tex.Civ.App., 104 S.W.2d 63; Texas Emp. Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863, and perhaps other decisions following the Middleton case supra, relied upon by appellant, it is the law that before a plaintiff as an employee, or beneficiary of an employee, can recover compensation under the workmen's compensation statutes, based upon any other element of the definition of "average weekly wages" than that embraced in paragraph No. 1, sec. 1, Art. 8309, he must plead, and establish conclusively by the evidence, or by the verdict of the jury (in a jury case), that such employee had not worked in such employment for the same or a different employer substantially the whole of the year (immediately preceding the injury).

■ It is undoubtedly the law that a plaintiff charged with the burden of establishing an issue essential to a judgment in his favor must establish such issue conclusively by the evidence, or (in a jury case) procure the submission of such issue and a verdict thereon in his favor. Harris v. Thornton's Dept. Store, supra; Miller v. Fenner, Beane & Ungerleider, Tex.Civ. App., 89 S.W.2d 506, and authorities cited in said opinion.

■ But upon the question at issue, we must consider another principle or rule of law. Revised Statutes 1925, Art. 2211, Vernon's Ann.Civ.St. art. 2211, provides in part that "The judgment of the Court shall conform to * * * the verdict, if any." Such, in substance, has been the statutory law since 1846. 2 Gammel's Laws p. 1699, sec. 115. Up to the time of the decision in Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391, or a little later, perhaps, that provision was construed to require that in a jury trial all the material issues must be found by the verdict of the jury, regardless of whether they were conclusively established by the evidence, or not. But in American Surety Co. v. Hill County, Tex. Com.App., 267 S.W. 265, it was held, in effect, that in a jury case the court could render judgment without a verdict of the jury, upon some of the issues when such issues were conclusively established by the evidence. The same would, of course, be true where issues essential to support a judgment was supported by no evidence. The last named decision and others have been the means of evolving a rule which may be stated in the form of a legal proposition as follows: When in any jury case, material issues necessary to support a judgment, are established conclusively by the evidence, or there is no evidence to raise a question of fact thereon, as the case may be, the court may render judgment without any verdict upon such issues. In recognition of this rule, it was held by this court in Livezey v. Putnam Supply Co., Tex.Civ.App., 30 S.W.2d 902 —thereby overruling a prior decision of this court—that when a judgment is presented to the appellate court for review and issues essential to support the judgment are not embraced in the verdict of the jury, it will be presumed, no showing to the contrary being made, that such issues were conclusively established. It would seem to be a necessary deduction from the rule that if the appellant appears to challenge a judgment in which issues essential to support a judgment for him are absent from the verdict, it must be presumed, nothing to the contrary appearing, that the absent issues were supported by no evidence. These presumptions, of course, would not be conclusive if under proper assignments of error it were shown in the first case that the issue was raised by the evidence but not conclusively established; or, in the second case, that there was evidence, which not conclusively disproving the issue against appellant, was supported by evidence sufficient to raise the issue as a question of fact. Many times since the decision in Livezey v. Putnam Supply Company, supra, this court has affirmed judgments under the assumptions aforesaid. For the most recent of such cases, see Mrs. Ola Fitts v. Allen Lawrence Carpenter, this day decided, Tex.Civ.App., 124 S.W.2d 420.

■ Under this rule we are required to presume that the evidence conclusively

established the issue that the employee had not worked in such employment during substantially the whole of the year "next preceding the alleged injury" unless that presumption is rebutted by a showing by the appellant under an appropriate assignment of error that the evidence did not conclusively establish such issue.

In its last analysis, therefore, the question presented is: Does the evidence which we are required to examine and appraise, show that it raised only a question of fact, and did not conclusively establish the issue in question? Appellant in its brief sets out certain testimony of the plaintiff and one other witness. The testimony set out is to .the effect that the employee had not worked in such employment during substantially the whole of the year. Manifestly such evidence is 'entirely in accord with the presumption already obtaining. No evidence of contrary purport is pointed out.

■ Appellant seeks · to rebut the presumption by showing that the only evidence in support of the issue was that of the plaintiff himself who, being an interested witness, his testimony raised only a question of fact to be determined by the jury. This exact question seems to have been decided favorably to appellant's contention in Traders & General Ins. Co. v. Milliken, Tex.Civ.App., 87 S.W.2d 503, and in principle would seem to be supported by other decisions above listed in connection with that case. Appellee answers that the error, if any, was waived by failure of appellant to assign that ground of error in the motion for new trial. An examination of the record in response to this contention convinces us that neither of the propositions Thirteen and Fourteen is germane to assignments of error 11 or 12 (stated to be those to which they are germane), nor to any of the assignments of error.

It is further apparent that whether germane or not to any of the assignments of error, no ground of error involving or raising the question ·here was assigned as error in appellant's motion for new trial. The judgment was rendered more than five days before the close of the term of court, and all other conditions were present to make operative amended court rule 71–a (99 S.W.2d xxx) with the effect of a waiver of the error. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

■ The Fifteenth Proposition, if supported by the record, would require a reversal of the case. In the submission of an issue to a jury it is undoubtedly improper, by the statement of such issue, to refer the jury to the pleadings for information as to the subject matter of the question to be answered by their verdict. The error may or may not be material, depending upon whether such reference under the particular facts be reasonably calculated to prejudice the rights of appellant. In this case the appellant did not object to the form of the special issue on the ground that the jury was referred to the pleadings. Such objection is not ·reasonably to be implied from the objections that were made. In our opinion, therefore, the error was waived.

■ We do not think the Sixteenth or Seventeenth Propositions are properly sustainable. It was not strictly accurate, in the special issues, to refer to "injury" and to "infection" or "disease" as naturally resulting therefrom. According to the statutory definition given of the word "injury", "disease" or "infection" does not result from the injury naturally or otherwise; but rather is' a part of the injury itself, Vernon's Ann.Civ.St. art. 8309. Safety Cas. Co. v. Walls, supra.

But we think there could be no mistaking the meaning of the issues as submitted. The reference to "injury" in each case taken in connection with the definition given could only mean the same as damage or harm to the physical structure of the body. Similarly the reference to "disease" or "infection" as naturally resulting from "injury" could only mean resulting from damage or harm to the physical structure of the body. If the issues were necessary to be given—and there was no objection to the effect that they were not—it would seem there was no unnecessary repetition in the use of the words "diseases" or "infection."

■ In a case submitted on special issues the court's whole duty with reference to giving definitions or explanations of the words used in the issues is that prescribed by R.S.1925, Art. 2189. Thereby the duty is prescribed to "submit such explanations and definitions *of legal terms* as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." (Italics ours.) In legal contemplation, the jury is conclusively presumed to know the meaning of words

or terms when used in their common or ordinary sense. When words or terms are specially defined by statute thereby giving them a meaning different from their common or ordinary meaning, if any, it is undoubtedly, we think, a sufficient compliance with the statute to give the statutory definitions. The court did that in this case as respects the definition of injury.

Without discussion we shall merely state our conclusion to be that no reversible error is shown based upon the claim of improper argument of counsel.

By the Twenty-Second Proposition complaint is made of the action of the court in admitting in evidence the claim of compensation made by plaintiff to the Industrial Accident Board. Plaintiff, by his counsel, having announced that he offered in evidence "Notice by Injury together with claim for compensation", appellant objected thus: "We object to Notice of Injury and claim for compensation. That would be on the matter of jurisdiction, not evidence." Then ensued a colloquy from which it appears that it was the view of all counsel and the judge that the evidence was admissible only for jurisdictional purposes, but was the further view of appellee's counsel and the court that admission for jurisdictional purposes required nevertheless that it be read to the jury, unless the reading be omitted by agreement. Appellant's counsel, asked to make such agreement, declined to do so, his answer to the request being: "The defendant has made his objection. I am making no agreement. You try it like you think is proper." The court thereupon overruled the objection and the instruments were read to the jury. The defendant excepted. No assignment of error questions the admission of the Notice of Injury.

To show that the action of the court in admitting in evidence, over the objection made, the claim for compensation was reversible error, appellant invokes the provisions of a then very recent amendment to the statutes. It seems not unlikely that the amendment was then unknown to counsel and the court, since it had been in effect only a few weeks at most. The amended statute so far as material provided as follows: "In the trial of any case appealed to the court from the board the following, if plead, shall be presumed to be true as plead and have been done and filed in legal time and manner, unless denied by verified pleadings: (1) Notice of injury;

(2) Claim for compensation." Acts 45th Leg., 1937, ch. 261, p. 536, § 2, Vernon's Ann.Civ.St. art. 8307b.

A further provision said: "In case of * * * denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them must be proved." Id. "All laws or parts of laws in conflict herewith are hereby repealed to the extent, and only to the extent, of such conflict." Section 3.

Under the pleadings as affected by this amendment it was not necessary to introduce in evidence the Notice of Injury or Claim for Compensation for any purpose, jurisdictional or otherwise. Under the statute, to the effect of which appellant now appeals to show error, the objection made to the introduction of the Claim for Compensation was not only no aid to the court in avoiding error, but was affirmatively misleading. It carried the implication that the instrument was admissible for a limited purpose when under the circumstances as affected by the statute it was not admissible for any purpose. There was no law so far as we know prohibiting the introduction of the Claim for Compensation other than the General Laws of evidence. Under such general law the only valid objections would have been that it was self-serving, or for some other reason unlawfully prejudicial. No such objections were made.

It is not necessarily error to ask an expert witness hypothetical questions not embracing all the facts in evidence. The adverse party has a right upon cross examination to elicit answers based upon counsel's conception of all the material facts in evidence. We rest with this statement as sufficient here, not to be understood, however, as implying there are no qualifications or exceptions to the rule. It is believed that the hypothetical questions here considered are governed by such general principle.

Being of the opinion that the judgment of the court below should be affirmed, it is accordingly so ordered.

NOTE: The writer, expressing in this note his individual views, and not as a dissenting opinion, is reluctant to accept as an established legal proposition that a compensation claimant cannot have a judgment in his favor awarding compensation, based upon the average daily wages of other employees, except upon condition that he establishes as an issue, essential to

support the judgment, by conclusive evidence, or by verdict of the jury, that the employee himself had not worked in the employment in which he claims to have been injured, substantially the whole of the preceding year. Had plaintiff alleged his average weekly wages by averring the fact elements of paragraph 1 of the definition, and, in the alternative, the fact elements of paragraph 2 of such definition, the pleading would undoubtedly have been equally proper with the pleadings in suit. If so, a judgment based upon a finding of either, supported by the evidence would be warranted. It is believed there is nothing observable in the terms of the statute to change the general rule governing alternative pleadings.

Let us suppose a case, which may well exist, in which it is to the interest of the defendant, insurance carrier, to have the average weekly wages determined according to the fact elements of paragraph No. 1 of said definition of "average weekly wages"; and equally to the interest and advantage of plaintiff to have same determined according to the fact elements of subdivision No. 2. Then suppose the plaintiff alleges the average weekly wages, alternatively, in due order, under 1 and 2. In such case, if the evidence raised issues of fact under both, which of the parties would be interested in having the verdict to find that the wages should be according to paragraph 1? And which according to paragraph 2? Assuming (erroneously, as I think) that the fact elements of the statutory definition of "average weekly wages" are themselves the subject matter of proper issues to be submitted to the jury, the issues would be substantially thus: (1) Do you find from a preponderance of the evidence that ——— (the alleged injured employee) at the time of his injury, if any, had worked in the same employment in which he was then working, for the same or some other employer, substantially the whole of the year, immediately preceding the injury? (2) Do you find from a preponderance of the evidence that any other employee of the same class as ——— (the alleged injured employee) had worked substantially the whole of the year immediately preceding the injury, if any, in the same or in a similar employment, in the same, or a neighboring, place?

The anomalous situation would be presented of the alleged injured employee having the burden of establishing the affirmative of the issues, but arguing to the jury that they should answer the first issue "no", and the defendant arguing that the jury should answer it "Yes". Then further suppose that considering the weight of the evidence and the credibility of witnesses, the jury should be of the opinion that the evidence was equally divided, there being no preponderance thereof one way or the other. Their duty would be to answer "No". Although that would apparently be against the plaintiff, it would in fact be in his favor, since it would permit him to have judgment based upon a favorable finding of issue No. 2. Similarly, the defendant would apparently have won the issue, but in fact would have lost.

In the instant case plaintiff, it is true, did not plead in the alternative as he might have done. But what was the effect of alleging the facts to show that he was not entitled to have the amount of the recovery sought, determined according to paragraph No. 1? Was that properly to be regarded as anything but a reason for alleging the facts to show he was entitled to have same determined under paragraph No. 2? Was that the tender of an issue upon which as an essential foundation the judgment prayed for must rest? I do not think so. To serve as such basis of the judgment would be the function of special issue No. 2. The proper purpose of the allegation seems to me to be to notify the defendant of what was proposed to be proved to support recovery to the end that defendant could prepare for trial on the issue tendered and if it deemed the facts to warrant the fixing of average weekly wages according to paragraph No. 1, to tender that issue in its defensive pleadings.

Many proper allegations in a pleading, or at least not improper allegations are not intended to, and do not, tender issues which in a jury trial are to be submitted to the jury. For examples: allegations by plaintiff in a negligence case that he was in the exercise of due care, or that he had not assumed the risk of injury. International & G. N. Ry. Co. v. Harris, 95 Tex. 346, 67 S.W. 315; allegations of the place of residence of parties; that a document, the basis of a suit, is in the possession of the defendant with notice to produce it, thereby laying a predicate for the introduction of secondary evidence to show its contents; that an instrument sued on has been lost or cannot be found. The most analogous situation, perhaps, would

be an allegation that a thing, the value of which was tendered as an issue, had or did not have a market value.. The real issue would be value just as in this case it is "average weekly wages". An allegation of market value or the non existence of market value, is to apprise the adverse party of the character of evidence by which it is proposed to prove the issue of value. See authorities cited and discussed in Taylor County v. Olds, Tex.Civ. App., 67 S.W.2d 1102. If such allegations are to be regarded as in any sense tender-. ing issues they are incidental and to be determined by the judge upon the facts developed before him. It is never contemplated, I think, that such allegations tender issues on a party with, or at all of the nature of, those which must be established as a foundation of the judgment.

Aside from other considerations, the above examples of special issues would not be real issues but merely evidentiary facts. Quite obviously the verdict thereon would be wholly ineffective to support a judgment unless supplemented by the verdict further finding what was ½₂nd of 300 times the employee's average daily wage, or ½₂nd of 300 times the average daily wage of other employees, as the case might be. Foreseeableness, as an element of the definition of proximate cause, is never submitted as an issue. Duty, as an essential element of negligence, is not submitted as an issue, independently of the issue of negligence. So far as I know, no factual element in the definition of any legal term properly used in the submission of an issue to a jury is required to be submitted as an independent issue. Then why should a mere factual element of the definition of average weekly wages be singled out and submitted as an issue? Logically, if one such fact element should be submitted, then all, not conclusively established by the evidence, should be submitted.

If it be at all permissible by pleading to split up the several factual elements of the term "average weekly wages" as defined in the statute and to make of each a separate issue, then, of course, the statutory definition would cease to have any importance whatever. Definition is only important when the term is used. If words used in the definition are themselves used in their common, ordinary sense, and are the only words or terms in the issues, it follows as a matter of course that the definition of the more comprehensive legal term is not necessary to enable the jury to pass upon the issue.

The writer's views upon the proper construction of the statutory definition of "average weekly wage" and the relation thereof to pleadings and issues to be submitted, are set forth at length in the opinion in Safety Casualty Co. v. Williams, supra, to which interested parties, if any, are respectfully referred.