

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00014-CV

RAILROAD COMMISSION OF TEXAS, APPELLANT

V.

APACHE CORPORATION, APPELLEE

On Appeal from the 200th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-20-001422, Catherine A. Mauzy, Presiding

February 21, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After Boykin Energy LLC applied to the Texas Railroad Commission for two permits to dispose of oil and gas waste by injection into certain porous formations not productive of oil and gas, Apache Corporation filed protests to the applications. After review, the Commission granted Boykin's motion to dismiss Apache's protest for lack of

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

standing. Apache sought judicial review of the Commission's order. The district court reversed the Commission's order. The Commission then filed the instant appeal of the trial court's ruling. We reverse the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Boykin Energy filed two permit applications with the Commission seeking authority to inject oil and gas waste into a formation not productive of oil and gas on the Landmark SWD Lease in the Phantom (Wolfcamp) Field in Reeves, Texas. As required, Boykin notified area operators of its applications for disposal wells. The Commission determined Boykin's applications to be administratively complete in December of 2018.

Apache protested the applications as an "affected person" in August of 2018. While Apache does not own the surface of the property where the disposal wells would be located or within one-half mile of those wells, it does have a leasehold interest approximately two miles and an active well approximately three miles from the proposed wells. Apache claims it is an affected person because its operations rely on groundwater from the Rustler Aquifer and the proposed wells would contaminate this aquifer. Apache also contends that the wells would endanger or injure its oil and gas interests located in the Wolfcamp Formation. Boykin responded by filing a motion to dismiss Apache's protest in April of 2019. The Commission carried the motion to dismiss and held a hearing on the merits at which Apache was heard.

Following this hearing, the Commission's technical examiner and administrative law judge issued their proposal for decision which concluded that Apache is an affected person and, therefore, Boykin's motion to dismiss should be denied. After the

2

Commission subsequently reviewed the evidence, it issued its final order in December of 2019 concluding that Apache is not an affected person and Boykin's motion to dismiss Apache's protest should be granted. Apache timely filed a motion for rehearing, which was denied by the Commission. Apache sought judicial review of the Commission's ruling.

The parties briefed their arguments on the merits for the district court. The trial court heard arguments via Zoom teleconference. After the hearing, at which the entire administrative record was admitted into evidence, the trial court entered a final judgment reversing the Commission's order. The trial court stated in its judgment that the Commission erred in granting Boykin's motion to dismiss because Apache had demonstrated that it is an affected person. The Commission filed a motion for new trial, which was denied by operation of law. The Commission then timely appealed.

By its appeal, the Commission presents one issue. That issue contends that the Commission's determination that Apache is not an "affected person" is supported by substantial evidence and, as such, the trial court erred in reversing its decision.

## LAW

The Injection Well Act authorizes the Commission to process and issue permits for the drilling and use of subsurface injection wells to dispose of oil and gas waste. *See* TEX. WATER CODE ANN. §§ 27.001–.105. Operators may apply for permits from the Commission to dispose of oil and gas waste by injecting it into non-producing zones and formations already containing water unfit for domestic and other uses. 16 TEX. ADMIN. CODE § 3.9(1) (Disposal Wells); TEX. WATER CODE ANN. § 27.031. "[A] person who has

3

suffered or will suffer actual injury or economic damage other than as a member of the general public or as a competitor" is an "affected person"[2] and has standing to challenge an application for a disposal well. 16 TEX. ADMIN. CODE § 3.9(5)(E)(ii). "As defined in the rule, 'affected persons' are not absolutely limited to certain classes of persons, but the definition contains an express exclusion—the person must suffer actual injury or economic damage other than as a member of the general public or as a competitor." *NGL Water Sols. Eagle Ford, LLC v. R.R. Comm'n*, No. 03-17-00808-CV, 2019 Tex. App. LEXIS 10302, at *21 (Tex. App.—Austin Nov. 27, 2019, no pet.) (mem. op.). If an affected person submits a protest or if the Commission determines it to be in the public interest, a contested-case hearing will be held on the application. 16 TEX. ADMIN. CODE § 3.9(5)(E)(i). If the Commission denies the protest, the protestor may seek judicial review. TEX. GOV'T CODE ANN. § 2001.171.

Judicial review of a Commission decision is conducted under the substantial evidence standard. TEX. UTIL. CODE ANN. § 105.001(a); *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Under the substantial evidence standard, we review the evidence as a whole to determine whether it would allow reasonable minds to reach the same conclusion that the agency reached. *Citizens Against Landfill Location v. Tex. Comm'n on Env't Quality*, 169 S.W.3d 258, 264 (Tex. App.—Austin 2005, pet. denied) (hereinafter referred to as "*CALL*"). We may not substitute our judgment for that of the agency and may only consider the record on which

---

[2] The definition also expressly includes "surface owners of property on which the well is located and commission-designated operators of wells located within one-half mile of the proposed disposal well." It is undisputed that Apache does not own property on which the proposed Boykin wells are located nor does it operate any well within one-half mile of the proposed wells.

4

the agency based its decision. *Id.* We are not tasked with determining whether the agency reached the correct decision but, rather, whether there is some basis in the record for its action. *Id.* While substantial evidence is more than a mere scintilla, the evidence in the record may actually preponderate against the agency's decision and nonetheless amount to substantial evidence. *Id.* We presume that the agency's findings, inferences, conclusions, and decisions are supported by substantial evidence and the burden to prove otherwise is on the party challenging the agency's decision. *Id.* The agency's decision should only be reversed if the party challenging the decision demonstrates that the absence of substantial evidence has prejudiced the party's substantial rights. *Id.*

In addition to the traditional substantial evidence standard, an agency decision shall be reversed if it is in violation of a constitutional or statutory provision, is affected by other error of law, or is arbitrary and capricious. TEX. GOV'T CODE ANN. § 2001.174(2)(A), (D)–(F). As above, however, these bases for reversal of an agency decision still require the challenging party to demonstrate that the agency decision has prejudiced its substantial rights. *Id.* Courts have determined that an agency acts arbitrarily when it does not appear that the agency has engaged in reasoned decision making, *see Heritage on the San Gabriel Homeowners Ass'n v. Tex. Comm'n on Env't Quality*, 393 S.W.3d 417, 423 (Tex. App.—Austin 2012, pet. denied) (op. on reh'g), or when the agency's action or decision denies a party due process, *see Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11, 16 (Tex. 1977).

ANALYSIS

The Commission's sole issue contends that the district court erred when it reversed the Commission's determination that Apache was not an affected person because substantial evidence supported the Commission's decision. Apache responds contending that the trial court's ruling reversing the Commission was proper.

We begin our analysis by considering whether the trial court erred in determining that the Commission's decision was not supported by substantial evidence. In conducting this review, we must determine whether the evidence as a whole would allow reasonable minds to conclude that Apache suffered or will suffer actual injury or economic damage other than as a member of the general public or as a competitor. *See* 16 TEX. ADMIN. CODE § 3.9(5)(E)(ii); *CALL*, 169 S.W.3d at 264. The trial court was required to presume that the Commission's findings, inferences, conclusions, and decisions are supported by substantial evidence and it was Apache's burden to prove otherwise. *CALL*, 169 S.W.3d at 264.

During the contested case hearing, Apache admitted that it did not own the surface of the property on which the wells would be located and that it did not operate wells within one-half mile of the proposed wells. While Apache presented evidence of faults that would allow for the injected oil and gas waste to migrate into the Rustler Aquifer, Boykin presented evidence that its experts interpreted the seismic data as showing no faulting allowing migration of injected waste into the Rustler Aquifer. From this conflicting evidence, the Commission determined that Apache's evidence did not show that it was an affected person. We must defer to Commission decisions which are reasonable in

6

light of the evidence before it.  *Id.*; s*ee Cnty. of Reeves v. Tex. Comm'n on Env't Quality*, 266 S.W.3d 516, 528 (Tex. App.—Austin 2008, no pet.) ("The agency determines the meaning, weight, and credibility to assign conflicting evidence and we may not set aside an agency decision because testimony was conflicting or disputed or because it did not compel the agency decision.") (internal citations omitted).  Further, Boykin agreed to take steps to mitigate any possibility that Apache would suffer actual injury or economic damage, including drilling monitoring wells to detect migration of waste, halving the maximum injection volume of the wells, and allotting an additional 1,000 feet between the top of the disposal interval and the bottom of the groundwater formation.  Considering all the evidence, we conclude that reasonable minds could have determined that Apache was not an affected person and, therefore, substantial evidence supported the Commission's decision.  *See CALL*, 169 S.W.3d at 264.

Apache makes much of the Commission's technical examiner, the administrative law judge, and the district court having determined that Apache was an affected person. However, that this disagreement occurred based on the same evidence highlights that the evidence is such that reasonable minds could reach different conclusions regarding Apache's standing.  This reinforces our conclusion that substantial evidence supports the Commission's decision.

Further, the trial court, in its judgment, states that, "the Commission erred in granting the Motion to Dismiss . . . where Apache Corporation demonstrated it is an affected person . . . ."  However, the standard is not whether Apache proved that it is an affected person but, rather, whether the evidence would prevent reasonable minds from concluding that it was not.  *Id.*

7

Apache argues that the substantial evidence standard is not the only basis upon which the Commission's decision could have been reversed. Specifically, Apache contends that the Commission's decision that Apache was not an affected person was arbitrary and capricious and was in violation of a constitutional or statutory provision.

Whether the Commission's decision was arbitrary depends on the process afforded the parties by the Commission. *Pub. Util. Comm'n of Tex. v. Tex. Indus. Energy Consumers*, 620 S.W.3d 418, 427 (Tex. 2021). The Commission acts in an arbitrary or capricious manner when it fails to afford the parties due process, *see Tex. Health Facilities Comm'n v. Charter Med.—Dallas, Inc.*, 665 S.W.2d 446, 454 (Tex. 1984), or fails to engage in reasoned decision making, *see Heritage on the San Gabriel Homeowners Ass'n*, 393 S.W.3d at 423. Here, Apache argues that the Commission's decision denied its due process rights because the decision denied Apache the right to a contested hearing. However, Apache was fully heard at the contested case hearing addressing Apache's status as an affected person. Once the Commission determined that Apache was not an affected person, Apache did not have standing to challenge Boykin's applications. It is not a denial of due process to deny a party without standing the opportunity to be heard. *See Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973) ("A petitioner may not complain of errors which do not injuriously affect him or which merely affect the rights of others.").

Apache also contends that the Commission's decision is arbitrary and capricious because it does not have any rational connection to the facts. However, we do not see, and Apache does not show how this standard differs from the substantial evidence standard. As discussed above, the evidence supports the Commission's decision and

8

we do not conclude that it was not the result of reasoned decision making. Consequently, we conclude that the Commission's determination that Apache is not an affected person is supported by substantial evidence and is not an arbitrary or capricious decision.

Apache also contends that the Commission's decision is in violation of its statutory obligation to protect groundwater and avoid injuring minerals. By this argument, Apache seems to contend that its evidence conclusively establishes that the waste injected into the disposal wells will migrate both upward into the Rustler Aquifer and downward into mineral deposits. As we have determined above, the evidence is such that reasonable minds can differ regarding whether the waste injected into the disposal wells will migrate at all. Further, the definition of affected person requires that, to have standing, a person must "suffer actual injury or economic damage *other than as a member of the general public or as a competitor . . . .*" 16 TEX. ADMIN. CODE § 3.9(5)(E)(ii) (emphasis added); *see also NGL Water Sols. Eagle Ford, LLC*, 2019 Tex. App. LEXIS 10302, at *21. Apache's argument is that it should be allowed to challenge Boykin's applications because it has presented evidence that the proposed wells would damage groundwater and minerals. However, if such were the standard, the requirement that a person with standing must suffer injury apart from what might affect the general public would be effectively written out of the law. *See Traders & Gen. Ins. Co. v. Weatherford*, 124 S.W.2d 423, 426 (Tex. App.—Eastland 1939, writ dism'd) ("effect must be given to the provisions of the statute in which the words occur and the true meaning determined in such a way as to give effect to the purposes of the law"). In other words, Apache's claim that approval of the disposal wells by the Commission might violate the Commission's statutory duties because the wells might affect groundwater and minerals does not establish Apache's

standing to challenge the wells.  We conclude that the Commission's determination that Apache is not an affected person is not a violation of the Commission's statutory duty to protect groundwater and minerals.

## CONCLUSION

Having determined that substantial evidence supports the Commission's decision that Apache is not an affected person with standing to challenge Boykin's waste disposal well permit applications and that this decision is neither arbitrary and capricious nor in violation of the Commission's statutory duties, we reverse the trial court's judgment and render judgment reinstating the Commission's final orders dated December 17, 2019.

Judy C. Parker
Justice