## No. 9731.

### CARROLL ET AL. v. THE INDUSTRIAL COMMISSION OF COLORADO, ET AL.

Decided December 6, 1920.   Rehearing denied March 7, 1921.

Proceeding under the workmen's compensation act. Claim disallowed.

*Reversed.*

1. WORKMEN'S COMPENSATION—*Disease—Accident.* A workman in an alfalfa mill had organic heart disease. His strenuous labor of pitching hay in an enclosed building, combined with breathing the dust ladened air, brought on an attack of heart trouble causing instant death. *Held,* that death resulted from an injury proximately caused by accident, and that the dependents were entitled to compensation.

2. INDUSTRIAL COMMISSION—*Practice—Petition for Rehearing.* A claim before the industrial commission was denied. Petition for rehearing was filed and the commission vacated its first order, took further testimony and again denied the claim. *Held,* that it was unnecessary to file a second petition for rehearing before taking the case to the district court.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. CHARLES H. SHERRICK, for plaintiffs in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. JOHN H. FINE, Assistant, Mr. H. E. CURRAN, Messrs. DANA, BLOUNT & SILVERSTEIN, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiffs in error, as widow and minor children of

Joseph Carroll, filed a claim for compensation with the Industrial Commission under the Workmen's Compensation Act. Joseph Carroll died while an employe and working as such. The plaintiffs in error filed their claim as his dependents. After a hearing, the Commission found, as a conclusion based upon the facts, that the death of Joseph Carroll "was not the proximate result of an accident sustained" by him.

The claimants filed an action in the District Court to set aside the order denying compensation. That court affirmed the order of the Commission, and claimants now bring the cause to this court for review.

One of the questions presented by the record is whether the Commission's finding, which in the instant case is one of law, can be sustained.

The following facts are not disputed: Joseph Carroll was employed in an alfalfa meal mill. On November 1, 1917 he was found dead, his body lying in the hay shed of the mill, where he had been pitching alfalfa hay. His work was hard physical labor. His place of employment was in an enclosed building. The air therein was dust laden as the result of handling hay, alfalfa meal, and machinery. The decedent had organic heart trouble. The evidence shows that the strenuous work of pitching alfalfa hay in an enclosed building, combined with breathing dust laden air, brought on an attack of heart trouble, causing instant death, and that if Joseph Carroll had been doing his work in the open air the work would not have brought on a heart attack.

The proximate cause of the death of Joseph Carroll was the condition of the air in his place of employment or the fact that it was dust laden. The question to be determined now takes this form: Under the foregoing facts, must it be held, as a matter of law, that the death was "accidentally sustained" or resulted from an "injury proximately caused by accident"?

The dust laden condition of the air was the "proximate cause" of the death because had it not been for such con-

dition the death would not have occurred at the time. Such condition of the air, which decedent was required to breathe, brought on an attack of heart trouble, resulting in death. The dust laden condition of the air was the cause, and the fatal attack of heart failure was the result. The result was unexpected and unintended, and therefore an "accident." The term "accident" is often used "to denote any unintended and unexpected loss or hurt apart from its cause." 1 C. J. 395.

Our statute uses the expressions, "personal injury or death accidentally sustained," and "injury proximately caused by accident," in providing for what injuries or deaths compensation shall be allowed. By the term "injury" is meant, not only an injury the means or cause of which is an accident, but also any injury which is itself an accident. The expressions above quoted are the equivalent of "injury by accident," which is frequently used in the decisions. The word "by" may mean "through the means, act, or instrumentality of." 9 C. J. 1109. Therefore "injury by accident" and "injury caused by accident" are terms or expressions which can be used interchangeably. In a discussion of the former, it is said in 25 Harvard Law Review, 340:

"Since the case of *Fenton v. Thorley,* nothing more is required than that the harm that the plaintiff has sustained shall be unexpected. * * * It is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether an injury is unexpected and so if received on a single occasion occurs 'by accident' is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing."

This is the rule followed in *Fidelity etc. Co. v. Industrial Accident Commission of California,* 177 Cal. 614, 171 Pac. 429, L. R. A. 1918F, 856. It was there stated that the current of authority is that "unforeseen, unexpected, and unintended injuries to employes have been classed as "accidents" and held sufficient to justify awards."

For the reasons above indicated, we are of the opinion that the record shows that the death of Joseph Carroll resulted from an "injury proximately caused by accident," and that, therefore, his dependents are entitled to compensation.

It is contended by the defendants in error that the District Court had no jurisdiction to review the proceedings of the Commission, because no petition for a rehearing was filed by the claimants after the Commission last announced its denial of compensation. The facts which give rise to the controversy in this matter are as follows: On June 13, 1918 the Commission, after a hearing, made an order denying compensation to the claimants. A petition for rehearing was then filed. Thereafter, and on July 3, 1918, the Commission vacated its previous order, and set the cause down "for the purpose of taking further medical testimony as to the cause of death of the said Joseph Carroll and for no further purpose." · Further evidence was taken on August 7, 1918. This evidence was cumulative only. On February 17, 1919, the Commission made an order, as if an original one, denying compensation. This order was, in effect, a reinstatement of the first order. No award in favor of the claimants had ever been made in the meantime. The petition for rehearing which was filed accomplished all that the statute contemplates with reference to such petitions. A second petition for a rehearing by the same party, filed after the Commission makes an order exactly the same as a previous order, would serve no purpose other than to further delay the termination of the proceedings.

The district court did not dismiss the proceeding, but took jurisdiction, and affirmed the award of the Commission.

Under the circumstances, above stated, we are of the opinion that the claimants should be deemed to have substantially complied with the statute as to filing a petition for rehearing.

The judgment of the district court is reversed and the cause remanded with directions to the district court to re-

mand the case to the Industrial Commission with directions to enter an award allowing compensation to the claimants.

MR. JUSTICE BURKE and MR. JUSTICE DENISON dissent.

### *On Rehearing.*

PER CURIAM.

The brief of defendants in error in support of their petition for rehearing is so discourteous that the Attorney General and his associates made haste to deny in writing all responsibility therefor. It is hereby ordered stricken from the files.

Reluctant to hold litigants responsible for such breaches of professional ethics, the court grants to defendants fifteen days from this date in which to file herein a proper brief in support of their petition for rehearing.

MR. JUSTICE ALLEN not participating.