## No. 10,538.

UNITED STATES FIDELITY & GUARANTY CO., ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided March 5, 1923.

Proceeding under the Workmen's compensation act. Award of compensation to claimants, affirmed by the district court.

*Remanded with Directions.*

1.  WORKMEN'S COMPENSATION—*Fact Findings.* Findings of fact by the industrial commission in a workmen's compensation case, held insufficient.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Messrs. GILLETTE & CLARK, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court affirmed the finding of the Industrial Commission approving the findings of the referee, in favor of Fannie Martz, et al., upon a claim for the death of

Leroy E. Martz.   The case is brought here for review.
The findings of facts are insufficient.   The following is a
full copy:

"Hearing herein was held April 4th, A. D. 1922.   The
referee finds, as follows:

Leroy E. Martz died January 13th, A. D. 1922.   Claim
for compensation benefits was filed by his mother, sister
and brother February 2nd, A. D. 1922.

It is the contention of the claimants that Martz' death
was caused by the inhalation of gas while working for the
Poudre Valley Gas Company, at Fort Collins, Colorado,
on January 11th, A. D. 1922.   From the evidence it is
found that Martz had worked for the gas company from
October 4th, A. D. 1920, until the date of his injury at a
salary of $100.00 per month.   His work was that of a
helper around the gas plant.   He began work on January
11th, A. D. 1922, at 2:30 p. m.   While performing his
usual duties, he became unconscious about 9:30 p. m. of
the same day and remained unconscious until his death
on January 13th, A. D. 1922.   Considerable evidence was
taken as to the cause of the decedent's death and as to
the probable effects of inhalation of gas, which, it is ad-
mitted, was more or less present at all times about the gas
plant.

Medical evidence is to the effect that the decedent's
death was caused by inhalation of gas.   Some difference
of opinion is expressed as to whether the immediate cause
of death was an excessive inhalation of gas or was the
result of the continued inhalation of gas.   To my mind,
it is more reasonable to believe that Martz became uncon-
scious as a result of the inhaling of an excessive amount
of gas than to believe that his condition followed the con-
tinued inhalation of the usual amount of gas about the
plant.   The evidence further indicates that the mother,
who is a widow, and the sister and brother, were totally
dependent upon the decedent for support, and that his
average weekly wages exceeded $20.00."

These findings were approved by the commission which made no other finding.

The referee found therefore, that Leroy E. Martz died January 13, 1922; that he worked for the company as helper from October 4th, 1920, until the date of his injury; that he began work January 11th, 1922, at 2:30 p. m.; while performing his usual duties at 9:30 of the same day he became unconscious and so remained until his death,—and found nothing else.

The rest of the findings are not of material facts: That considerable evidence was taken; that something is admitted; that medical evidence is to the effect of something; that some difference of opinion is expressed as to the cause of death; that one thing is more reasonable to the mind of the referee than another; that evidence indicates something, are all insufficient as findings of fact,—neither would a finding that Martz became unconscious from the inhaling of gas be a finding that he died of it. Arguments or statements of the method of reasoning by which a conclusion of fact is reached are not findings. A specimen of sufficient findings of fact appears above beginning with the words "from the evidence it is found" to and including the words "January 13th, A. D. 1922." Any definite statement of a fact in the indicative mood or in the form of indirect discourse is sufficient.

We are thus explicit in the hope that it may not be so often necessary to remand cases for further findings.

This case is remanded to the district court with directions to require the Industrial Commission to make definite findings as to whether Leroy E. Martz died of the inhalation of carbon monoxide gas, or any gas, and if so when and where the gas was inhaled which caused his death; if he died of inhaled gas, the findings should show whether death was caused by continued daily or frequent inhalation which produced a condition of which he died or by one accidental lethal inhalation or by both; and if by both whether either one without the other would have caused his death at the time death occurred; whether death arose

, out of his employment, whether the claimants were totally dependent on the deceased for support, and whether his average weekly wages exceeded $20.00 per week. Then let the District Court reconsider the case on the new findings.

MR. JUSTICE ALLEN sitting as chief justice and MR. JUSTICE WHITFORD concur.