No. 11,042.

UNITED STATES FIDELITY AND GUARANTY CO., ET AL., v. INDUSTRIAL COMMISSION, ET AL.

Decided November 10, 1924.

Proceeding under the workmen's compensation act. Judgment for claimants.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Commission Findings.* Findings of the industrial commission that an employe's death was caused by inhalation of gas, held to necessitate an award for claimants.

2.  *Accidental Death—Gas Inhalation.* Where a workman's death was caused by accidental inhalation of gas, it was immaterial

that his health had been impaired by previous inhalations.

3.    *Gas Inhalation—Evidence.*   Evidence reviewed and held to justify a finding by the industrial commission that death of the employe was caused by accidental and excessive inhalation of gas.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. GILLETTE & CLARK, Mr. LEROY J. WILLIAMS, for plaintiffs in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, Mr. L. R. TEMPLE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case was here once before and we sent it back for more definite findings.   *U. S. F. Co. v. Ind. Com.,* 73 Colo. 90, 213 Pac. 330, q. v.

The commission now finds, among other things, as follows: "January 11th, A. D. 1922, while performing his usual duties, in and about the plant of his employer he [the deceased employee] accidentally and unexpectedly inhaled an excessive amount of gas.   This accident occurred shortly before 9:30 p. m.   About 9:30 p. m. he was found unconscious in the upstairs portion of his employer's plant. He remained unconscious until his death, which occurred January 13th, A. D. 1922.   His death was the proximate result of the excessive inhalation of the gas herein mentioned.   His system had been subjected to the continued inhalation of such gas during the term of his employment; the excessive inhalation of such gas herein mentioned accelerated the fatal effect of such gas upon his system.   His death would not have occurred at the place nor at the time had he not been exposed to the accidental and excessive inhalation of the gas herein mentioned."

These findings necessitate an award for the claimant. The deceased got an unexpected, excessive, accidental dose

of gas, which, with his previous inhalations, produced death. His death would not have occurred when and where it did but for this unexpected inhalation. Since the draft of gas which killed him was accidental it is immaterial whether his health had been impaired by previous inhalations so that the final draft was rendered fatal. See *Ellermann v. Ind. Com.*, 73 Colo. 20, 22, 213 Pac. 120.

But the plaintiff in error says that there is no evidence to justify a finding that the final dose of gas was anything more than the end of a gradual accumulation of the bad effects of the daily breathing of gas in the works, and that it shows that such was the fact. We agree with the proposition that if this were clearly the case the commission and the district court were wrong, but we have read all the evidence and it shows that the deceased went to work at about 3 p. m., and at about 9:30, without previous warning, fell unconscious and died without regaining consciousness.

His physicians testified that, in their opinion, an inhalation greater than usual plus his condition from previous ones caused his death. We cannot say, therefore, that the findings are without evidence and so must leave them unchanged.

Judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.