## No. 14,090.

WOOD ET AL. *v.* INDUSTRIAL COMMISSION ET AL.
(66 P. [2d] 806)

Decided March 22, 1937.

Mr. B. O. WHEELER, Mr. GLENN L. DALY, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. HAROLD CLARK THOMPSON, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an action brought under the Workmen's Compensation Act.

From the record it appears that Arthur R. Wood, a glazier, was employed to put window panes in an elevator under construction in Adams county; that he was working at this task on July 2, 1936, and that during the afternoon on said date was found dead. He had been working on a scaffold about two feet high. The coroner being called was unable to find any actual cause of death, such as a fracture or a definite fall, and without holding an autopsy made a return on the death certificate that death was due to heart trouble, and that the contributing cause of death was heat exhaustion and heat stroke.

J. T. McDowell was the general contractor in charge of the construction of said elevator, and McMurtry Manufacturing Company had contracted to do the glazing, but on account of the job being a nonunion job, it was unable to carry out its contract and the decedent was induced to take over the glazing of the building. McDowell claimed that the McMurtry Manufacturing Company was the employer of decedent and McMurtry Manufacturing Company contended that McDowell was the employer, but in view of the conclusions that the court has reached in this case it does not become necessary for us to determine who the actual employer was. The commission found that Wood was employed by McDowell and the action was dismissed as against the McMurtry Manufacturing Company which makes no appearance here.

The testimony shows that it was a very hot day, but there was no statement as to what the actual temperature was.

Plaintiffs in error, being the widow and minor child of the decedent, filed their claim before the Industrial Commission. The matter was duly heard before the referee and the award of the commission was to the effect that: (1) The decedent's death was due to heart failure and not due to accidental injury. (2) The claimants failed to

establish any accidental injury to decedent within the meaning of the compensation act.

A petition for review was denied. The plaintiffs in error then filed their complaint in the district court, which in turn affirmed the finding of the commission and award, whereupon plaintiffs in error sued out their writ of error to this court.

█ Under the well recognized rule, it is therefore only necessary for this court to determine whether or not there was sufficient competent evidence upon which the findings of fact by the commission can be supported.

The commission found, as above stated, that the decedent died from heart failure. The record discloses that decedent's wife when testifying on cross-examination admitted that her husband had heart trouble, but said that it had never bothered him. Claimants also admitted that the decedent had a life insurance contract which provided for double indemnity in case of accidental death, and that the said double indemnity had not been paid. The decedent's mother testified that he had a serious attack of rheumatism when he was a boy and that he had suffered two heart attacks following the rheumatism. The undisputed evidence was also that the deceased was very obese. The cause of death as given on the death certificate was chronic valvular mitral disease. Dr. J. W. Wells, county coroner of Adams county, who signed the death certificate, also described the cause of death as dilatation of the heart and that the contributing cause was no doubt heat exhaustion and heat stroke.

Dr. Wells also testified that the decedent had apparently started his work on the east side of the building where he worked in the morning sun; that he worked on the south sometime during the noon hour and was working on the west side of the building in the afternoon. It is admitted that it was a very hot day, but nothing to indicate that it was any hotter around the building where the decedent was working than elsewhere in the community.

The only other medical testimony was that offered by Dr. L. W. Soland who stated that while the decedent had no organic heart trouble that "his obese condition during the hot weather could have a great deal of bearing on something of this sort." Dr. Wells further testified that the decedent might have died suddenly any time, anywhere.

A search of the workmen's compensation cases in this state discloses none where claim has been made for compensation based on death or injury from sunstroke. A review of the cases from other jurisdictions indicate that such injury or death is compensable where there is no question about injury or death being caused by the sunstroke, but where there is evidence of other contributing factors the general rule is as follows: "The mere fact of sunstroke does not constitute a death resulting therefrom an 'accident' within the statute, and harm resulting from a heat stroke is compensable only where the heat stroke is the direct and superinducing cause of the harm." 71 C. J. 625.

We feel that there was sufficient competent evidence to support the commission's finding that the decedent died of heart failure.

Counsel for plaintiffs in error rely strongly upon the case of *Carroll v. Industrial Commission,* 69 Colo. 473, 195 Pac. 1097. However, that case is substantially different from the one here under consideration. In that case the decedent was working at hard physical labor in an inclosed building where the air was laden with dust as a result of handling hay, alfalfa meal and machinery, and it is apparent that the decedent came to his death because of inability to breathe properly whereby his heart condition was aggravated to the extent of causing his death. The court in that case found no difficulty in establishing the causal relationship between his employment and his death. In the instant case, however, there is no testimony that the working conditions were unusual for that season of the year and there is no evidence of

any exertion. We see no particular similarity between that case and this one. As the court said in that case, "the dust laden condition of the air was the cause, and the fatal attack of heart failure was the result."

 We have carefully reviewed the heat and sunstroke cases in the notes in 20 A. L. R. 42; 53 A. L. R. 1085; 61 A. L. R. 1197; 73 A. L. R. 516 and L. R. A. 1918 F, 936, and in none of these cases do we find any situation sufficiently analogous to the instant one that would justify us in setting aside the award of the commission in this case. The burden was upon the claimant to establish the causal relation between the alleged sunstroke and the death of her husband by competent evidence. At no stage of the proceedings herein did that burden shift, and she failed to sustain it.

Judgment affirmed.