## No. 14,244.

HALLENBECK ET AL. *v.* BUTLER.

(74 P. [2d] 708)

Decided December 13, 1937.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. J. H. SHEPHERD, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

BUTLER, the defendant in error, an employee of Hallenbeck, plaintiff in error, filed with the Industrial Commission a claim, which it now appears, is limited largely to payment of medical services for the treatment of his eyes rendered necessary, as it is alleged, by either an "injury" to his eyes or an "occupational disease" as may be determined under the Workmen's Compensation Act. Reference will be made to him herein as claimant, and since it will be unnecessary to refer to any of the plaintiffs in error, other than Hallenbeck and the Industrial Commission, the former will be mentioned by name and the latter as the commission.

The commission found against claimant, and upon his petition for review in the district court, it was ordered to vacate its award, and proceed to carry out a judgment entered in favor of claimant. This writ of error is prosecuted to review that judgment.

The claim as filed shows that "approximately February 25, 1937" while claimant was "cleaning up grease and dirt in the shop, some of this grit flew in [his] right eye." The employer's report and the evidence disclose that claimant was employed as shop foreman by Hallenbeck, a road contractor and had been in his service about seven years. From this shop, a brick building with cement floors, supplies are sent out to contractors on jobs, and in it trucks and "outfits" are repaired. Claimant acted as warehouseman and helper on the repair work. He cleaned off equipment preparatory to repairing and painting it, concerning which he testified: "We clean with a putty knife or a sharp chisel, scraping, and it flies off so that sometimes it will get in your eyes and you just don't get your eye shut quick enough to evade it." The claimant, and Dr. Marcove who treated him, were the only witnesses testifying at the hearing. So far as the question of disability is concerned, there is no showing or claim of either temporary or permanent disability. The claimant never ceased work, but his condition required medical services

for which he makes claim but we find nothing in the record as to the amount.

The testimony of the physician is to the effect that claimant gave him a history of his employment and attending conditions, and stated that he had "received some foreign bodies in his eyes," and that "He worked in a place where he got a lot of dust and dirt and grease in that eye and it has been over a period of several months that he got these foreign bodies." There was no history of a definite accident, and the doctor, in response to the question: "It would be a rather long process to bring it about?" answered, "Yes, it is. It is a prolonged chronic sort of a thing." Further testifying he stated: "It has been developed over three or four weeks at least; * * * I think it is of the nature of an occupational disease." The doctor previously had testified that he first saw the claimant on March 29, at which time he was suffering from an inflamed and swollen condition of the upper lid of the right eye, and that "there were four or five large abscesses in the upper lid and one large one on the lower lid"; that these abscesses had become inflamed and infected; that he removed them; that "these abscesses are caused by infections in the little glands in the lid and these can become infected by the foreign bodies getting in the eyes."

The claimant in his testimony did not fix any definite date, but stated that on three or four occasions just prior to February 25th, he got an excessive amount of dirt and grease in his eyes from cleaning the equipment; that February 25, was when he noticed that the inflamed condition of his eyes became acute; that he had had similar experiences at various times during the seven years of his employment, but that his eyes never before had become infected; that nothing unusual happened on February 25 other than that he got a little more dust and dirt in his eyes on that day; that from that time on his eyes became more inflamed and commenced to trouble him.

On this testimony, a referee of the commission found that no accidental injury had been sustained within the meaning of the Workmen's Compensation Act; "that the condition which became acute on or about February 25th was the result of accumulation of foreign matter in the affected eyelid over a period of considerable time; that if claimant's condition can be attributed to his employment such condition is in the nature of an occupational disease and not the result of accidental injury." On these findings the claim was denied and the commission made the award final.

█ █ The question before us does not involve interference with findings of fact by the commission, but presents for determination the proper meaning of certain terms of the compensation act when applied to the facts. It of course is settled law that if claimant's condition was the result of an "occupational disease" he cannot recover; consequently, if he is awarded compensation, it must be upon a determination that because an unusual amount of the foreign substance entered his eye on the approximated date, the result was, in effect, an accidental injury. It is not disputed that he had followed the same occupation, at the same place, for a period of about seven years, during which time foreign substances had frequently entered his eyes without causing inflammation or infection. It also is undisputed that an excessive or unusual amount of dirt and grease did enter his eyes at the time fixed by him as the beginning of his trouble. Whatever he might have been occupied in doing at this time, he was subjected to unusual and excessive exposure. It seems reasonable that what happened on February 25th, as shown by the evidence, could have happened on the first day of his employment, because it is clear that an unusual amount of deleterious substances which carried infection, entered his eye. It further is disclosed by the record that on previous occasions, probably less amounts entered his eyes without carrying infection, therefore, he could not expect the in-

fection which developed on this day to be the natural result of his employment nor could it be said that it was known to be incident to his employment. In other words, the fact that dust and other foreign substances were constantly present and were characteristic of his particular occupation does not of itself make the condition an occupational disease, because the presence of such foreign substances over a period of seven years had never before brought an infection; but the substance which entered his eye at the time fixed, did carry infectious matter resulting in the injury. On this question, we believe the ruling in the case of *Industrial Commission v. Ule,* 97 Colo. 253, 48 P. (2d) 803, is applicable. The same may be said of the cases of *Columbine Laundry Co. v. Industrial Commission,* 73 Colo. 397, 215 Pac. 870, and *United States Fidelity and Guaranty Co. v. Industrial Commission,* 76 Colo. 241, 230 Pac. 624.

Without further discussion, we are inclined to the view that when a physical condition arises, such as in the case before us, which was induced by an unusual or excessive exposure at a time reasonably definite, that such condition was unexpected and occasioned by an accident, the accident being in the fact that the particular substance entering claimant's eye at the time fixed was germ laden; that it was accidental that that particular kind of substance entered his eye on that date. We should not be misled by a general conclusion of the medical attendant to the effect that this injury, induced by accident, set up a condition described by him as being in the "nature of an occupational disease." It cannot be questioned that the result was unexpected by claimant because it never had before occurred under like conditions in his experience extending over a period of seven years.

For the reasons above expressed, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.