No. 14,645.

KEATING *v.* INDUSTRIAL COMMISSION, ET AL.
(95 P. [2d] 821)

Decided October 16, 1939.   Rehearing denied November 13, 1939.

Messrs. FOARD BROTHERS, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. THOMAS BURGESS, for defendants in error.

*In Department.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

A proceeding before the Industrial Commission. The referee found that "the condition of claimant's knee of which he complains is not the result of an accidental injury arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act." The commission found as had the referee, and on petition for review it confirmed its previous findings and award. In an action brought by claimant in the district court the findings of the commission were affirmed.

It appears that for some eight years prior to the happening upon which he bases his claim, claimant had been employed by the Golden Cycle Corporation, one of the defendants in error, as an electric welder; that about February 25, 1938, while so employed, and when the supply of welding rods in hand had been exhausted, claimant arose from his knees, his accustomed working position, and reached under the welding machine where the rods were kept for additional ones; that as he did so one of his knees "buckled" under him; that some fifteen or twenty minutes were required to restore his leg to its normal position, but upon such restoration, although his knee was stiff for four or five days thereafter, he continued with his work and lost no time on account thereof; that subsequent to the happening related, and while in the course of his employment, his knee would occasionally "pop out of place," and continued to do so until January 26, 1939, when his condition became so serious that he was unable to do further work; that about January 15, 1939, claimant having suffered a "throwing out" of his knee, went to the corporation's physician and received treatment; that soon after January 26, 1939, a date already mentioned, claimant notified defendant corporation and demanded compensation, which was refused. The incidents of Janu-

ary 15 and 26, 1939, occurred when claimant was not on duty, and not until the happening of January 15, did he mention the matter to anyone connected with the corporation. Whether what occurred was an accidental injury within the meaning of the Workmen's Compensation Act is the controlling question.

■■ "In Workmen's Compensation Acts," we have said, "injuries are designated 'accidents' to distinguish them from intentional injuries and injuries caused by disease." *Central Surety Corp. v. Industrial Com.*, 84 Colo. 481, 271 Pac. 617. It does not appear from the record that claimant's injury was intentional or that it was caused by disease. But, say counsel for defendants in error, "There was no slip or fall of any nature." Hence, as argued, the injury was not accidental. That is not the test. *Central Surety Corp. v. Industrial Com. supra,* p. 487. Mr. Justice Butler in that case reviews the authorities at length, and we regard the determination there as conclusive here. *Industrial Com. v. Barton,* 98 Colo. 51, 52 P. (2d) 670, upon which defendants in error rely as establishing a different rule, is distinguishable, in that there, based upon medical testimony, the commission found the condition of which claimant complained was in the nature of an occupational disease. There was neither showing nor finding to that effect here. We think claimant's injury was accidental and is compensable.

Let the judgment be reversed, and the case remanded that the trial court may order the commission to ascertain the extent of claimant's disability and fix the amount of his recovery by appropriate award.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE concur.