No. 14,986.

GREAT AMERICAN INDEMNITY COMPANY *v.* STATE COMPENSATION INSURANCE FUND ET AL.

(116 P. [2d] 919)

Decided September 2, 1941.

324

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for defendants in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS controversy, a workmen's compensation case, involves a claim for compensation for an eye burn, medically designated "conjunctivitis," resulting from exposure to arc-light flashes while the employee was working near some welders. The Industrial Commission found in favor of the claimant and awarded compensation in conformity with its findings. In an appropriate legal action the district court affirmed this award.

While claimant, William L. Haverty, was hired as a welder's helper, he did not serve in that capacity, but was required to do general labor, such as digging ditches, carpentry and mechanical work, in proximity to extensive acetelyne welding operations. At the hospital,

when interviewed by a representative of the employer, he stated that he first noticed the burn May 17, 1940, but subsequently corrected this statement by definitely fixing the date as May 10, 1940. He left work May 25, 1940, returned to work July 6 of the same year, and was awarded compensation from June 5, 1940, to July 5, 1940, inclusive.

No permanent disability is involved, the matter presented being the happening of an accident, and the question as to which of two insurance carriers is liable should it be judicially determined that the employee sustained a compensable accidental injury within the meaning of the Workmen's Compensation Act. It is undisputed that the Great American Indemnity Company, plaintiff in error, was the insurer of the employer for this hazard until noon, May 11, 1940. The company denies liability after this date, and asserts that the State Compensation Insurance Fund became the carrier of the risk. The Industrial Commission found that the accident occurred May 10, 1940. Plaintiff in error is here seeking reversal of the judgment.

The points urged as requiring reversal may conveniently be group as follows: (1) No accident within the meaning of the Workmen's Compensation Act; (2) if there was an accident, the disability did not extend over ten days; (3) the accident occurred some time after noon May 11, 1940, at which time plaintiff in error was not the carrier of the risk; (4) that if there was an accident the date was May 25, 1940, when claimant was compelled to leave his work.

■ Counsel for the indemnity company first contend for nonliability, in that claimant suffered from an occupational disease rather than an accident. "Occupational disease" is defined in *Industrial Commission v. Ule*, 97 Colo. 253, 256, 48 P. (2d) 803, and the evidence in the instant case does not bring the injury involved within that definition. If claimant had been working as a welder, there perhaps would be some basis for the

contention advanced, but that was not his "particular employment" or occupation. He was engaged in doing general work; nor was this injury, under the circumstances, to be expected in the usual course of events. *Carroll v. Industrial Commission,* 69 Colo. 473, 475, 195 Pac. 1097; *Columbine Laundry Co. v. Industrial Commission,* 73 Colo. 397, 399, 215 Pac. 870; *Keating v. Industrial Commission,* 105 Colo. 155, 95 P. (2d) 821; *Gates v. Central City Opera House Ass'n,* 107 Colo. 93, 108 P. (2d) 880. We overrule this contention as being without merit.

■ The next point urged is that if claimant sustained an accident, the disability resulting therefrom did not extend over ten days. There is ample testimony to support the finding of the commission that the disability was compensable from June 5 to July 5, 1940.

■ A more serious question is the date of the accident, because upon its determination depends the conclusion as to which insurer carried the risk involved. The commission found that the accident occurred May 10, 1940. We heretofore have held that in fixing the time of the happening of an accident "a time reasonably definite is all that is required." *Gates v. Central City Opera House Ass'n, supra; Hallenbeck v. Butler,* 101 Colo. 486, 74 P. (2d) 708. The testimony discloses that claimant first noticed the burns May 10, 1940. There is, apparently, no dispute that the injury for which the employee sought compensation was present May 10. The commission was warranted, as a reasonable inference therefrom, in finding that claimant's eye condition resulted from an exposure to flashes incident to welding operations on that date, or within a reasonable time prior thereto. Under these circumstances we conclude that there should be no judicial interference with its finding that the accident happened May 10. Counsel for plaintiff in error urge that the accident must be considered to have occurred on the date when claimant was compelled to cease work by reason of his disability,

which was May 25, and cite two authorities in support of this contention: *Johnson's Case,* 217 Mass. 388, 104 N.E. 735; *Texti-leather Corporation v. Great American Indemnity Co.,* 108 N.J.L. 121, 156 Atl. 840. These authorities, however, are not in point, since they relate solely to disabilities resulting from occupational diseases, and not from accident, as defined by the Colorado act; moreover, we would hesitate to frame a standard of liability, based upon varying facts, into a rule of law.

Our conclusions obviate the necessity of determining which of the two insurers was the carrier of the risk and the legal problems suggested thereby.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.