## No. 16,778.

INDUSTRIAL COMMISSION ET AL. *v.* LA FORET CAMPS ET AL.
(245 P. [2d] 459)

Decided May 19, 1952.   Rehearing denied June 9, 1952.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission.

Mr. DUANE O. LITTELL, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS case originated before the Industrial Commission where Gertie Rausch, one of the plaintiffs in error, was claimant and defendants in error were claimant's employer and the insurance carrier.

Following the hearing upon the claim filed by Mrs. Rausch, the referee made findings which included, inter alia, the following:

"Claimant was employed by respondent employer as a cook. On August 11, 1950 she had 300 steaks to tenderize, which is done by pounding with a special hammer-like instrument. The entire operation took about two and one-half hours. After one hour claimant's right arm began aching and the pain continued to increase until she had finished. She kept on with her work, however, despite her discomfort, until August 17, 1950, when the condition of her right arm had become such that she was obliged to leave work. * * *

"Respondents contend that claimant's condition is not the result of an accidental injury because the pain developed gradually over a period of 1½ hrs. The Referee, however, is of the opinion that the condition of claimant's shoulder is the result of an accidental injury within the meaning of the Workmen's Compensation Act. It cannot be considered in the nature of an occupational disease, and it is clearly the result of an instance arising out of and within the course of her employment."

The commission adopted the findings of the referee and made an award of compensation to claimant. The employer and insurance carrier brought an action in the district court where the findings and award of the commission were vacated and set aside upon the ground that, under the undisputed evidence, claimant had not sustained an accident or an accidental injury within the meaning of the Workmen's Compensation Act. Claimant explained the circumstances leading to her temporary disability and loss of work by the following testimony: "Q. Tell us what you were doing and what happened to you there? A. Well, I was hammering Swiss steak for a big bunch we were cooking for. Q. Go ahead, what happened? A. Well, I hurt my arm and shoulder. Q. How did you hurt it? A. Well, just the hammering of the steak. I hammered probably close to 300 pieces and the continuous hammering and the heavy steak hammer hurt my arm. It took two or two and a half hours to hammer

the steak. Q. Had you ever pounded that many Swiss steaks before? A. Yes, that was my job, to get the meat ready to cook."

On cross-examination she testified in part as follows: "Q. When you would have steak it would be necessary to pound these steaks out? A. Yes. Q. About how often a week would you have steak? A. Well, probably once a week. Q. And each time it required two or three hours of pounding? A. Yes, you would always have to pound your steak before you cook it."

Section 294, chapter 97, '35 C.S.A. provides benefits " * * * for any personal injury accidentally sustained * * * "; "Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment." Benefits are further provided for "where the injury or death is proximately caused by accident arising out of and in the course of his employment, and is not intentionally self-inflicted."

Dr. James A. Johnson submitted a report of his examination made on behalf of the insurance company in which he stated in part:

"According to the history I do not believe that there is any specific injury which is responsible for this supraspinatous tendonities; however, constant irritation of the supraspinatous tendon by a pounding type of motion and reaching type of motions which a cook and housewife do can be responsible for irritation of the tendon which brings on subsequent pain. * * *

"The subjective complaint of pain cannot be discounted, however, the range of motion of this shoulder is within 10% of the range of motion of the other shoulder. * * * "

### Question to Be Determined.

Does the undisputed evidence support the findings of the commission that the physical condition, of which claimant complained, was the result of an accidental injury within the meaning of the Workmen's Compensation Act?

The question is answered in the affirmative. The term "accident" has a particular meaning when used in connection with injuries for which compensation is sought under workmen's compensation acts. Appellate courts throughout the nation are in substantial agreement in holding that it is not necessary that there should be anything extraordinary occurring in or about the work itself, such as slipping or falling, in order to make an injury the result of an accident. In *Carroll v. Industrial Commission*, 69 Colo. 473, 195 Pac. 1097, our court said, page 475:

"Our statute uses the expressions 'personal injury or death accidentally sustained,' and 'injury proximately caused by accident,' in providing for what injuries or deaths compensation shall be allowed. By the term 'injury' is meant, not only an injury the means or cause of which is an accident, but also any injury which is itself an accident. The expressions above quoted are the equivalent of 'injury by accident,' which is frequently used in the decisions. The word 'by' may mean 'through the means, act or instrumentality of.' 9 C.J. 1109. Therefore 'injury by accident' and 'injury caused by accident' are terms or expressions which can be used interchangeably. In a discussion of the former, it is said in 25 Harvard Law Review, 340:

" 'Since the case of *Fenton v. Thorley*, nothing more is required than that the harm that the plaintiff has sustained shall be unexpected. * * * It is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether an injury is unexpected and so if received on a single occasion occurs "by accident" is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing.'

"This is the rule followed in *Fidelity, etc. Co. v. Industrial Accident Commission of California*, 177 Cal. 614, 171

Pac. 429, L.R.A. 1918 F, 856. It was there stated that the current of authority is that 'unforeseen, unexpected, and unintended injuries to employes have been classed as 'accidents' and held sufficient to justify awards.' "

In *United States Fidelity and Guaranty Company v. Industrial Commission,* 96 Colo. 571, 45 P. (2d) 895, where excitement and overexertion produced a heart attack resulting in death, our court held that a surviving widow was entitled to benefits under the compensation act. In reaching this conclusion we there said, inter alia: "We have determined in this state that an accident is a result, the causes of which are unexpected and unusual or that it may be also an unexpected and unusual result from ordinary causes." To like general effect are the decisions in *Great American Indemnity Co. v. State Compensation Insurance Fund,* 108 Colo. 323, 116 P. (2d) 919; *Gates v. Central City Opera House Ass'n,* 107 Colo. 93, 108 P. (2d) 880; *Keating v. Industrial Commission,* 105 Colo. 155, 95 P. (2d) 821.

We think the facts in the instant case were sufficient to warrant the findings and award of the Industrial Commission, and the trial court erred in setting them aside.

The judgment accordingly is reversed and cause remanded.

MR. JUSTICE ALTER dissents.

MR. JUSTICE HOLLAND not participating.