No. 19,064.

WESCO ELECTRIC COMPANY, ET AL. *v.*
CLOYCE V. SHOOK, ET AL.
(353 P. [2d] 743)

Decided June 20, 1960.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED B. DUDLEY, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

Messrs. PORTER & KLINGSMITH, for defendant in error Shook.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to defendant in error Shook as claimant, and to plaintiffs in error as the employer or the insurance carrier.

The Referee who heard the evidence in support of the claim made findings that the claimant had not suffered an accidental injury arising out of and in the course of his employment. Upon review before the Commission the following award was made: ✓

"In the above-entitled cause, the Commission having re-reviewed the entire file as prayed by the respondents' petition filed herein on November 5, 1958, and now being further advised in the premises, finds:

"That the Referee's Order of August 22, 1958, is not supported by the testimony and the law and that the same should be reversed and compensation awarded; that the Commission's Findings of Fact and Award of October 22, 1958, should be amended by striking all of paragraphs two and three of the findings of fact, and that the following findings of fact be entered as the Commission's findings of fact at this time:

"That the Referee's Order of August 22, 1958, is not supported by the testimony and the law and that the same should be reversed. and compensation awarded to the claimant.

"It is further found that the claimant, an electrician, was taping in generator lead terminals, working off a platform with an area of approximately three (3) feet between said platform and the bottom of the generator housings. This work required the claimant to assume a squatting position while manipulating his hands overhead and while leaning backward. The work area was

such that it was impossible for the claimant to sit down or to straighten up while performing his task. During this period of time the claimant was required to work ten-hour shifts daily. The claimant's work position produced an unexpected and unusual result from an extraordinary and unusual position and it is, therefore, found to constitute an accident.

"The matter of an unexpected and unusual result being a compensable accident was before the Court in the matter of the "Industrial Commission v. La Foret Camps," 125 Colo. 503, 245 P. (2d) 459.

"The Commission further finds that the claimant herein had not reached maximum improvement at the time of the hearing herein. * * * "

Benefits under the compensation law were ordered paid to claimant. Thereafter, the case was taken to the district court for review, and that court sustained the award made by the Commission. The employer and insurance carrier seek review of the judgment by writ of error.

Without attempting to detail the evidence in this case, it may be said that we have examined the record fully and there is ample evidence to show that at the time claimant began the job upon which he was working he had been, and was, a normally healthy man, fully able to perform the usual duties of an electrician; that shortly after he commenced this particular job he began to suffer severe pain in his back and loss of full use of his left leg, until finally he was forced to leave his job. The diagnosis and subsequent operation disclosed the existence of a herniation of an intervertebral disc.

Question to be Determined.

*Where an electrician, in previous good health, is required to assume a cramped and unnatural position in performing his assigned work, for several days, during which he suffered severe pain in his back and loss of the full use of one leg subsequently diagnosed as herniation of an intervertebral disc, is evidence thereof*

*sufficient to support a finding that such disability was the result of an accident arising out of and in the course of his employment?*

The question is answered in the affirmative. The term "accident" has a particular meaning when used in connection with injuries for which compensation is sought under Workmen's Compensation Acts. It is not necessary that there should be anything extraordinary occurring in or about the work itself, such as slipping or falling, in order to produce an injury as the result of an accident. *Carroll v. Industrial Commission,* 69 Colo. 473, 195 Pac. 1097; *Keating v. Industrial Commission,* 105 Colo. 155, 95 P. (2d) 821; *Industrial Commission v. La Foret Camps, et al.,* 125 Colo. 503, 245 P. (2d) 459; *J. W. Metz Lumber Co., et al., v. Herbert Taylor, et al.,* 134 Colo. 249, 302 P. (2d) 521. This court has consistently held that under the Workmen's Compensation law "By the term 'injury' is meant, not only an injury the means or cause of which is an accident, but also an injury which is itself an accident." *United States Fidelity and Guaranty Co., et al. v. Industrial Commission, et al.,* 96 Colo. 571, 45 P. (2d) 895.

In *Industrial Commission, et al. v. Royal Indemnity Co., et al.,* 124 Colo. 210, 236 P. (2d) 293, it was said, inter alia:

" * * * If the evidence, and the logical inferences therefrom, can be said to warrant a conclusion that the accident, within a reasonable probability, resulted in the disability, the claimant is entitled to compensation, * * *."

In *Gates v. Central City Assn.,* 107 Colo. 93, 108 P. (2d) 880, the only evidence relating to an accident was the adverse condition under which the claimant was required to do his work. Notwithstanding that the Commission denied the claim and there was an affirmance of that order by the district court, this court reversed the judgment and ordered the payment of benefits. The

opinion contained the following pertinent language, quoting from *In Re McNicol,* 215 Mass. 497:

"An accident 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

In the instant case the Commission recognized this rule, and with ample supporting evidence ordered the payment of compensation.

Other decisions of this court announcing principles which are applicable to this case, and which combine to require affirmance of the judgment are: *Industrial Commission, et al. v. Ule,* 97 Colo. 253, 48 P. (2d) 803; *Vanadium Corp. v. Sargent,* 134 Colo. 555, 307 P. (2d) 454; *J. W. Metz Lumber Company, et al. v. Herbert Taylor, et al.,* supra; *Peter Kiewit Sons' Company, et al. v. Industrial Commission, et al.,* 124 Colo. 217, 236 P. (2d) 296; and *Industrial Commission, et al. v. Corwin Hospital, et al.,* 126 Colo. 358, 250 P. (2d) 135.

The evidence in the instant case was sufficient to warrant the findings and award of the Industrial Commission.

The judgment accordingly is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DAY dissent.

MR. JUSTICE HALL dissenting:

I dissent.

The majority opinion affirms a judgment of the district court which in turn affirmed an award of the industrial commission which granted to Shook compensation for alleged injuries. Shook's claim for compensation is predicated on C.R.S. '53, 81-13-2, which provides:

"The right to the compensation provided for in this chapter, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any *personal injury accidentally sustained* or death resulting therefrom, shall

obtain in all cases where the following conditions occur:

"(1) Where, *at the time of the accident,* both employer and employee are subject to the provisions of this chapter; and where the employer has complied with the provisions thereof regarding insurance.

"(2) Where, *at the time of the accident,* the employee is performing service arising out of and in the course of his employment.

"(3) Where the injury or death is proximately *caused by accident arising out of and in the course of his employment,* and is not intentionally self-inflicted." (Emphasis supplied.)

From the above it will be observed that the legislature has provided that a claimant (Shook) must meet certain conditions before being entitled to:

"The right to * * * compensation * * * for any personal *injury accidentally* sustained * * *." (Emphasis supplied.)

The conditions prescribed are the following: there must be an accident; there must be an injury; the accident and the injury must arise out of and in the course of the employment.

The commission found that:

" * * * The claimant's work position produced an unexpected and *unusual result* from an extraordinary and unusual position and *it is therefore found to constitute an accident."* (Emphasis supplied.)

I am unable to find a particle of evidence in the record to warrant a finding that Shook suffered an injury during his employment; there is not a particle of evidence that Shook ever suffered an accident. So far as the record discloses, Shook may have had a herniated disc for ten or more years. Just when did he suffer this alleged injury and alleged accident? Was it on the first day of his work, the last day, or an intervening day? Morning or afternoon? While climbing into or out of his cramped quarters, or while eating his lunch, or bowling a few frames after work, or in 1944 when he incurred a

back injury during military service? The record is entirely silent with respect to these matters, and yet the commission generously supplies facts that Shook was unable to produce.

The referee who heard the testimony and who had Shook and his witnesses before him and an opportunity to observe them, an opportunity which the commission did not have, found that Shook had not suffered injuries or an accident during the course of, and arising out of, his employment. The referee, among other things, found:

"Claimant's medical history disclosed that the claimant had trouble with his back in 1955, at which time he experienced typical symptoms of intervertebral disc injury with pain radiating down his right leg and, in the meantime, had experienced intermittent difficulty and pain. The facts established herein do not disclose any accidental injury. There is no evidence of trauma; no evidence of over-exertion, and no evidence of accidental strain. The only thing which points to the claimant's disability as being occupational in nature is the position in which he worked.

\* \* \*

" \* \* \* claimant was suffering from a pre-existing back injury and that the present condition of the claimant, if due to claimant's occupation, is due to aggravation of a pre-existing injury by reason of the nature of the claimant's work and is not due to accidental injury. Unfortunately, the aggravation, if occupational in origin, is not covered by the highly restricted provisions of the Colorado Occupational Disease Disability Act."

The findings of the referee are amply supported by the testimony; the findings of the commission do not rise above the dignity of unbridled speculation and conjecture.

I do not subscribe to the statement (finding) of the majority that:

" \* \* \* there is ample evidence to show that \* \* \*

claimant * * * had been, and was, a normally healthy man * * *."

The commission made no such finding. The referee found to the contrary. The record contains testimony of Shook that he had: (a) in 1944, while in military service, incurred an injury to his back; (b) in 1955 had trouble which he thought "was an arthritic condition of my knee which I think was causing it"; (c) while working at the Martin plant was disabled, "but the Vets called me into the hospital in Denver for a physical check-up and gave me an okay bill, *all of me but the arthritic condition of my knee";* (d) stated: "Once in awhile I get an arthritic condition in the knees and once in awhile I have a backache."

The above precludes me from subscribing to the diagnostic pronouncement of the majority.

I am not unmindful of the myriad of variegated, irreconcilable pronouncements of this court as to what constitutes an accident or injury. Many of them have my hearty disapproval, for the reason that they, in my opinion, are in direct conflict with the plain terms of the statute.

The wording of the Workman's Compensation Act precludes a recovery under the facts as disclosed by this record. There is no proof of an accident; there is no proof of an accidental injury arising out of or during the course of the employment. Plain words — "accident" "injury" — should be given plain meaning and should not be held to have a "particular" meaning when used in the act.

I am of the opinion that this court has, in this case and a series of previous cases, notably, *Industrial Commission v. La Foret Camps, et al,* 125 Colo. 503, 245 P. (2d) 459; *Industrial Commission, et al, v. Corwin Hospital, et al,* 126 Colo. 358, 250 P. (2d) 135, and *Industrial Commission v. Havens, et al,* 136 Colo. 111, 314 P. (2d) 698, done a bangup job of putting compensation insurance carriers in the life and health insurance business,

as well as that in which they voluntarily entered — industrial accident insurance.

The judgment should be reversed and Shook's claim denied.

MR. JUSTICE DAY joins in this dissent.