## No. 21147.

MARTIN MARIETTA CORPORATION, ET AL., *v.*
JOHNNIE W. TERRELL, ET AL.
(399 P.2d 791)

Decided March 8, 1965.

MARGARET R. BATES, for plaintiffs in error.

GEORGE T. ASHEN, for defendant in error Terrell.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS is a workmen's compensation case.

The Industrial Commission adopted the referee's finding that "claimant did sustain an accidental injury arising out of and in the course of his employment while operating the fork lift after the solid rubber tires had been mounted; * * *."

The only question before this court is whether the record supports the findings of the Commission and the award of compensation.

We answer this question in the negative.

It is not disputed that claimant had a protruded intervertebral disc which required surgery. The plaintiffs in error assert that claimant did not sustain the burden of proof that his injury was *caused by an accident.*

■ We turn to the record in the case. The evidence does not establish any causal connection between an industrial accident, as that term has been defined, and the back condition. Medical evidence touching on this vital issue reveals that claimant's physician would not give a medical opinion beyond the statement that it was *possible* that claimant's condition was caused by *riding on the fork lift.* Claimant testified that he did not have any specific injury, and that he did not attribute his difficulty to any one incident or accident; that he noted a gradual onset of back pain during the approximately

twenty months of his employment, and that the pain subsided or was alleviated with rest.

Pertinent testimony by the only medical witness produced by the claimant was the following:

"Well, I feel these people with protruded discs have a preexisting disc degeneration and degeneration of the ligaments, *and it's quite possible that this jostling around is what caused* him or *it to protrude.* You can get a protrusion from rolling over in bed.

"Q. Could you go any stronger than the word possible?

"A. I feel in this case we are dependent on his history. He relates this history to the driving of the fork lift and denies any other injury, so that *it's very suggestive that this is the cause,* and assuming that his history is correct—"

The medical expert in his written report said:

*"It is quite reasonable to assume* that the recurrent minor injuries to the low back region by riding on the fork lift may have caused this condition."

There is no proof offered by claimant that goes beyond the words used by the medical expert such as "quite possible," "very suggestive," "reasonable to assume" and "may have caused."

Medical opinion similar to that noted above has been held insufficient to establish a claim in a substantial number of workmen's compensation cases ruled on by this court. They are: *United States Fidelity and Guaranty Co. v. Industrial Comm.,* 122 Colo. 31, 219 P.2d 315, where the following testimony was held to be insufficient: "The excitement *may have been* a *precipitating* factor." "It is a possibility. I couldn't say 'absolutely' * * * it is quite within the realm of possibility."

In *Deines Bros. v. Industrial Comm.,* 125 Colo. 258, 242 P.2d 600, a case involving foreign material in a claimant's eye, the testimony which did not support that claim was "It [the foreign object] *might* be a piece of wood."

410

■ In *Maryland Casualty Co. v. Kravig*, 153 Colo. 282, 385 P.2d 669, this court said:

"We have held that statements such as 'could happen' 'might happen' 'it is a possibility' * * * and similar expressions are evidences of mere possibilities of a fact having occurred or having existed and are not sufficient to support a judgment."

Claimant would have us bring the factual situation in this case under the broad coverage afforded by our pronouncement in *Carroll v. Industrial Comm.*, 69 Colo. 473, 195 Pac. 1097; *United States Fidelity and Guaranty Co. v. Industrial Commission*, 96 Colo. 571, 45 P.2d 895; *Hallenbeck v. Butler*, 101 Colo. 486, 74 P.2d 708; *Gates v. Central City Association*, 107 Colo. 93, 108 P.2d 880; *Industrial Commission v. La Foret Camps*, 125 Colo. 503, 245 P.2d 459; *Industrial Comm. v. Corwin Hospital*, 126 Colo. 358, 250 P.2d 135; *Wesco Electric Company v. Shook*, 143 Colo. 382, 353 P.2d 743.

An examination of those cases will reveal that there was a particular incident and a particular occasion which claimant pinpointed as the cause of injury. For example, in the Carroll case, supra, there was over-exertion connected with dust-laden air in a hay shed. In the La Foret Camps case, supra, the claimant described a particular two and a half hour incident of pounding out 300 pieces of steak and an immediate disability to the arm on that occasion. In the Hallenbeck case, supra, there was an excessive amount of dirt and grease outside of the usual. In the Gates case, supra, the claimant was an artist who worked indoors. The freezing was on a particular occasion and the exposure was a specific incident unusual to his employment.

In the Corwin Hospital case there was unusual prolonged work, overexertion, low resistance, and a particular incident of exposure to the disease upon which the award was based.

We cannot find testimony in this case to bring it

within the rationale of any of the preceding cases, each of which was decided on unusual and particular facts.

The judgment of the trial court sustaining the Industrial Commission is reversed and the cause remanded with instructions to order the Commission to dismiss the claim.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE MOORE concur.