*189 Opinion by
Mr. Justice Frantz.
Denver-Golden Corporation, Schwartzwalder Mine and the State Compensation Insurance Fund allege error in the affirmation by the district court of an award in favor of Fred G. Minikus. The Industrial Commission had affirmed the award of the referee.
Fred G. Minikus injured his back while working in the Denver-Golden mine. The incident giving rise to his claim occurred when he was removing a vibrating drill from a low-bored hole in the mine face. Mr. Minikus, who had a history of back trouble, experienced pain at this time and was unable to stand erect. The Industrial Commission made no express finding that an “accident” had occurred but found that:
“. . . he sustained an injury to his lower back while working with a jackhammer.”
Denver-Golden and the State Insurance Fund make two points: First, that the amendment to the Workmen’s Compensation Act defining “accident” and “injury” (C.R.S. 1963, 81-2-9) was intended by the legislature to alter the law as it previously existed and now operates to -bar recovery; Second, that a remand by this court is required because no formal finding was made by the Commission that an “accident” had occurred.
This case was docketed in this court before our decision in Industrial Commission v. Milka, No. 21614, dated January 24, 1966. Counsel admit that the language in Milka is controlling. With reference to the legislative amendment to the Workmen’s Compensation Act here at issue, Mr. Justice Day wrote:
“We hold that the amendment to the act, although providing for the first time therein legislative definitions of the words ‘accident’ and ‘injuries’ did not change the law and did not overrule our former decisions. The injury sustained by the claimant is compensable under our previous decisions and is also compensable under the legislative definitions.”
*190 As Minikus’ claim is based, on a determinable incident, it would be compensable under our decisions prior to C.R.S. 1963, 81-2-9, and plaintiffs-in-error’s first contention is therefore without merit. Carroll v. Industrial Commission, 69 Colo. 473, 195 Pac. 1097; Industrial Commission v. Corwin Hospital, 126 Colo. 358, 250 P.2d 135.
 The second point raised is governed by Game and Fish Department v. Pardoe, 147 Colo. 363, 363 P.2d 1067, where we held that a remand is not required when nonconflicting and undisputed facts comprise the record on error. In such cases this court may consider the evidence in the record as findings, and upon examination, we are of the opinion that an “accident” within the statutory definition has occurred.
Judgment affirmed.
Mr. Chief Justice Sutton and Mr. Justice McWilliams concur.